WEST, Appellant v. AIPPERSPACH, et al., Respondents

(221 N.W.2d 1)

(File No. 11307. Opinion filed August 31, 1974)

David A. Gerdes, Martens, ·Goldsmith, May, Porter & Adam, Pierre, for plaintiff and appellant.

John H. Shephard, Morman & Smit, Sturgis, for defendant and respondent Otto Aipperspach.

Joseph M. Butler, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for defendant and respondent Richard Bigler.

WOLLMAN, Justice.

Plaintiff brought an action for personal injuries against Richard Bigler (Bigler) and Bigler's alleged employee, Otto Aipperspach (Aipperspach), as a result of personal injuries suffered by plaintiff in a head-on collision between plaintiff's automobile and a pickup truck being driven by Aipperspach near Dupree, South Dakota, on June 21, 1969. A jury returned a verdict in favor of plaintiff and against Aipperspach in the amount of $41,300, and in favor of Bigler and against plaintiff. Plaintiff has appealed from that portion of the judgment which was entered on the verdict in favor of Bigler and against plaintiff.

During the period from April to June of 1969, Aipperspach was employed by Bigler at various times to do odd jobs at Bigler's farm, such as painting, carpenter work and work in the farm shop. On June 20, 1969, Aipperspach worked in and about the shop with Bigler. At approximately 3 or 4 o'clock that afternoon, Bigler asked Aipperspach to drive one of Bigler's tractors, to which were attached two tillage implements, from the farm, which was located several miles northwest of Dupree, to a field south and east of Lantry, South Dakota. After Aipperspach had driven some distance past Dupree with the tractor, Bigler caught up with him. Bigler then took over the driving of the tractor and Aipperspach drove his pickup truck back to his home in Faith, South Dakota.

Aipperspach testified that during the afternoon of June 20, 1969, Bigler had told him that he was to disk in Bigler's field south of Lantry the following day and that when he arrived at the Bigler farm on the morning of June 21, 1969, Bigler "* * * got ready and was going to show me where the field is." As Aipperspach was driving in an easterly direction on U.S. Highway 212, he turned out to pass another vehicle while crossing a bridge approximately one-half mile west of Dupree and collided head on with plaintiff's automobile.

Mrs. Bigler testified that when Aipperspach came to their farm on the morning of June 21 she called to her husband, who was inside the house preparing to leave for Pierre, that Aipperspach was there and was informed by her husband to tell Aipperspach that they could not work because it was too wet and because he (Bigler) was leaving for the day. Mrs. Bigler testified that she met Aipperspach at the door and in response to his inquiry if there was anything to do that day said, "No, it's rained. We can't work in the field  *  *  *Beside that, Dick is going to be gone for the day  *  *  *  there just isn't anything for you to do."

Plaintiff contends that the trial court erred in excluding a spontaneous declaration made by Aipperspach shortly after the accident. The Sheriff of Ziebach County testified that he arrived at the scene approximately 10 minutes after the accident had occurred, that he had talked with Aipperspach and that, "He (Aipperspach) told me he was working for Dick Bigler." The trial court sustained defense counsel's objection and struck the above quoted portion of the sheriff's testimony. Following Aipperspach's testimony, plaintiff's counsel again offered the excluded portion of the sheriff's testimony with respect to the statement made by Aipperspach. This offer was likewise refused by the court.

Although the statement was arguably admissible under the excited utterance exception to the hearsay rule, see, e. g., Murphy Auto Parts Co. v. Ball, 101 U.S.App. D.C. 416, 249 F.2d 508; Maynard v. Hall, 61 Ariz. 32, 143 P.2d 884; McCormick on Evidence, 2d Ed., § 297; Annot., 150 A.L.R. 623, we do not believe that the refusal of the trial court to admit the statement rises to the level of reversible error.

One of the reasons given by the court for refusing to admit the proffered testimony was the fact that the statement constituted a conclusion by Aipperspach. Although the fact the statement was in the nature of an opinion or a conclusion did not render the statement necessarily inadmissible, see McCormick on Evidence, 2d Ed., §§ 18 and 297, it does tend to detract from the claim that the refusal of the trial court to admit the statement was prejudicial error. Moreover, the statement was merely corroborative of Aipperspach's in-court testimony that he was in

fact traveling to the field south of Lantry for the purpose of working for Bigler at the time the accident occurred. Although Aipperspach's memory of the facts of the accident was not good (he suffered some rather extensive injuries in the accident, including a head injury), and although he appears from the record to be a man of somewhat limited comprehension, the consistent thrust of his testimony was that he was working for Bigler on the morning of the accident. Thus the rejection of his out-of-court statement, especially in view of the fact that it merely recited his opinion rather than being a statement of fact, did not have the prejudicial effect it might have had had the statement been crucial to plaintiff's case. Cf. Murphy Auto Parts Co. v. Ball, supra, where the out-of-court excited utterance of the agent was the only evidence from which the jury could find that the alleged agent was acting within the scope of his employment when the accident occurred.

We hold that although Aipperspach's statement to the sheriff could well have been admissible, assuming, of course, that the trial court had been satisfied that the statement was in fact an excited utterance within the meaning of that exception to the hearsay rule (something that was really never discussed by counsel or by the court during the argument over the admissibility of the statement), in light of the nature of the statement and in view of the fact that it was consistent with Aipperspach's in-court testimony, the refusal of the trial court to admit the statement was not prejudicial error.

■ Plaintiff next argues that the trial court erred in refusing to permit him to examine Aipperspach adversely as to all aspects of his testimony. Upon motion by Bigler's counsel, the trial court permitted plaintiff to cross-examine Aipperspach as an adverse witness only on the question of liability, i. e., the facts of the accident, and not on the specific question of agency or employment. Plaintiff contends that SDCL 15-6-43(b) does not differentiate between different types of testimony which a witness might give. SDCL 15-6-43(b) provides that:

> "A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of

a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross-examined by the adverse party only upon the subject matter of his examination in chief."

Plaintiff argues that the question of Aipperspach's liability and the question of his employment status were so interrelated that the two could not be separated for purposes of questioning him during the trial.

In discussing a statute substantially similar in purpose, if not in language, to SDCL 15-6-43(b), the Wisconsin Supreme Court stated that:

"* * * The test of who is an adverse party within the meaning of sec. 885.14(1), Stats., is not determined by whether the person is designated a plaintiff or a defendant in the pleadings or whether he is adverse or not on other issues. In the early case of O'Day v. Meyers (1911), 147 Wis. 549, 133 N.W. 605, in discussing the problem of adverse party under sec. 4068, Stats., we stated the true test was 'Are their interests adverse?' citing Crowns v. Forest Land Co. (1898), 99 Wis. 103, 74 N.W. 546. Parties to a suit may be adverse on one issue and not adverse on another, and thus the right to call a party as an adverse witness depends upon whether the interests of the witness and the party seeking to call him for examination are adverse on the subject matter of the examination. * * *" Skornia v. Highway Pavers, Inc., 34 Wis.2d 160, 166, 148 N.W.2d 678, 681.

We agree with Bigler's contention that Aipperspach's interests were not adverse to those of plaintiff on the issue of Aipperspach's employment status at the time of the accident. This is illustrated by the fact that at the time plaintiff offered Aipperspach's above described out-of-court statement, Aipperspach's attorney said,

"May the record show, Your Honor, that the defendant Otto Aipperspach joins with Mr. West in his position that this statement is certainly admissible." We conclude that the court did not err in ruling that plaintiff could not cross-examine Aipperspach as an adverse witness on the question of his employment status.

■ Finally, plaintiff argues that the trial court erred in refusing to permit him to rehabilitate Aipperspach's testimony by the use of a prior consistent statement after Aipperspach's direct testimony had been impeached on cross-examination. Plaintiff attempted to introduce a statement which had been taken by plaintiff's counsel from Aipperspach approximately nine months before trial.

In view of the fact that the written statement was not made a part of the settled record (counsel filed it with the clerk of this court at the conclusion of oral argument, but we have declined to consider it as a part of the record), we are not prepared to say on the basis of the record before us that the trial court committed prejudicial error in refusing to admit the statement.

The judgment appealed from is affirmed.

All the Justices concur.