Employers Mutual Liability Insurance Company, Respondent, vs. Icke, Executor, and another, Appellants.

*May 25—June 21, 1937.*

For the appellants there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *G. Burgess Ela.*

For the respondent there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Oscar T. Toebaas.*

ROSENBERRY, C. J. The determination of the questions raised upon this appeal depends upon the interpretation to be placed upon sec. 102.29, Stats., which is set out in the margin.[1]

[1] 102.29 *Liability of third parties affected.* (1) (a) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employee shall not affect the right of the employee or his personal representative to make claim or maintain an action in tort against any other party for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in such action. If they or either of them join in such action, they shall be entitled to repayment of the amount paid by them as compensation as a first claim upon the net proceeds of such action (deducting the reasonable costs of collection) in excess of one-third of such net proceeds, which shall be paid to the employee in all cases.

(b) The commencement of an action by an employee or his dependents against a third party for damages by reason of an injury to which this chapter is applicable, or the adjustment of any such claim, shall not affect the right of the injured employee or his dependents to recover compensation, but any amount recovered by the injured employee or his dependents from a third party shall be applied as follows: Reasonable costs of collection shall be deducted; then one-third of the remainder shall in every case belong to the injured employee or his dependents, as the case may be; the remainder or so much thereof as is necessary to discharge in equal amount the liability of the employer and the insurer for compensation shall be paid to such employer or insurer; and any excess shall belong to the injured employee or his dependents.

(2) An employer or compensation insurer who shall have paid a lawful claim under this chapter for the injury or death of an employee shall have a right to maintain an action in tort against any other party responsible for such injury or death. If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, the liability of such other party to such compensation beneficiary shall be determined in such action as well as his liability to the employer and insurer. If recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and insurer have paid or are liable for in compensation, after deducting reasonable costs of collection, and in no event shall the compensation beneficiary be entitled to less than one-third of the amount recovered from the third party, less the reasonable costs of collection. Settlement of such claims and the distribution of the proceeds therefrom must have the approval of a court or of the industrial commission. . . .

A history of this section is helpful in determining what the legislature intended to do by its enactment. In the original act the provisions relating to third-party claims were embodied in sec. 2394—25. This section merely provided that the making of a claim by an employee for compensation should operate as an assignment of any cause of action which the employee might have had against a third party.

It was amended by ch. 599, Laws of 1913, to provide that making of a claim by an employee against a third party should operate as a waiver of any claim for compensation under the act. It was again amended in 1917 so as to permit an employee to maintain an action for malpractice against any physician or surgeon. In 1919 it was amended to provide that the employee should be entitled to the benefit of any recovery over and above the amount paid by the employer or insurance carrier and making certain regulations in respect thereto. In 1923, the provisions relating to workmen's compensation were embodied in chs. 101 and 102, Stats., and sec. 2394—25 became sec. 102.29. The section was also amended in minor particulars.

Down to 1931, sec. 102.29, Stats., retained the provision respecting assignment of claim to the employer or insurer under the Workmen's Compensation Act. In 1931, the section was amended as it now is. The tendency disclosed by an examination of the various amendments and revisions was toward increasing rights of the injured employee in any recovery made by the employer or insurance carrier against a third party. By the amendment in 1931, the employer and insurance carrier were no longer regarded as assignees, nor was the employee regarded as an assignor. An independent right of action was given under the conditions stated in the statute to the employer and insurance carrier. No doubt this was done in an effort to avoid the legal implications involved in the transaction denominated an assignment, and to pre-

vent, in cases where the employer or insurance carrier did not assert a claim against a third party, the necessity of a reassignment to the injured employee in order to entitle the employee to maintain the action. See *Swanson v. Lake Superior T. & T. R. Co.* (1928) 195 Wis. 633, 219 N. W. 274.

Upon the hearing of the motion to suppress, the trial court was of the view that sec. 102.29 (2), Stats., must be construed to mean that only where the compensation claimant joins in the tort action by the insurer and all claims are cleaned up at once is such claimant entitled to one third of the excess of the compensation award. While the statute as amended in 1931 gave the employer or the insurance carrier a right of action, it nevertheless remained derivative in its nature. It is apparent that the employer or insurance carrier would have no cause of action against a third party unless in the first instance a cause of action existed in favor of the employee against the third party.

It is considered that sec. 102.29, Stats., does three things: (1) Sub. (1) (a) provides that the making of a claim for compensation does not affect the right of an employee or his personal representative to maintain an action against a third party causing the injury; (2) par. (b) provides that if the employee or his dependents commence an action against such third party any recovery had by them from a third party must be applied in the manner provided by par. (b),—one third after deducting expenses goes to the employee and the remainder to the employer or insurance carrier, not exceeding the amount necessary to discharge liability of the employer or the insurance carrier; (3) if the action be begun by the employer or insurance carrier and there is a recovery, the employee shall be entitled to one third of the amount recovered from the third party, less the reasonable costs of collection, and to any excess over and above the amount necessary

to compensate the employer or insurance carrier for liability under the act.

It is considered, therefore, that the employee is entitled to share in the recovery against a third party whether the suit be begun by the employee or by the employer or insurance carrier, regardless of joinder by the employee. Being entitled to a part of the recovery in any event, it is held that the injured employee is a person for whose "immediate benefit" the action is prosecuted within the meaning of that language as used in sec. 326.12, Stats., and is therefore subject to adverse examination under the provisions of that section. The plaintiff attempts to meet this situation by claiming that it being alleged in the defendants' answer that a settlement has been had with Mrs. Koch, she is no longer a party in interest. Under our system of pleading such allegation stands denied. Sec. 263.26. It is obvious that such interest as Helen Koch has in the controversy is adverse to that of the defendants. She is in every sense of that term an adverse party, and as such the defendants are entitled to the benefit of an adverse examination.

It is further contended by plaintiff that even though sec. 102.29 (2), Stats., be construed to allow Helen Koch one-third share of the recovery, nevertheless the action is not maintained for her immediate benefit, but for the immediate benefit of the insurance carrier in this case. It is difficult to see how this contention can seriously be urged inasmuch as under the statute she is just as much entitled to her one third of the recovery as the insurance carrier is entitled to its two thirds.

*By the Court.*—The order appealed from is reversed, with directions to set aside the order suppressing the examination and the subpœna.