RICHTMAN, Plaintiff and Respondent, AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Intervened Plaintiff and Appellant, vs. HONKAMP and others, Defendants.

*February 15—March 14, 1944.*

From that order, the American Mutual Liability Insurance Company appeals.

The cause was submitted for the appellant on the brief of *Quarles, Spence & Quarles* and *Charles H. Gorman*, attorneys, and *Kenneth Grubb* of counsel, all of Milwaukee, and for the respondent on the brief of *Gustave J. Keller* of Appleton.

On behalf of the Industrial Commission a brief was filed by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, as *amicus curiæ.*

FAIRCHILD, J.   This proceeding is in a third-party-liability action authorized by the Workmen's Compensation Act.

The law governing the third-party liability and the distribution of avails between the employer and the employee in such an action is that making a claim for compensation against an employer or compensation insurer for an injury of an employee does not affect the right of the employee or his personal representative to claim damages in an action against another party for such injury.   But the employer or his insurer is entitled to repayment of the amount paid by him as compensation.   He or it has a first claim upon the proceeds after deducting reasonable costs of collection and one third of the proceeds.   The one third in all cases is to be paid to the employee.   Sec. 102.29 (1) (a), Stats.   Hence an action may be commenced by an employee or his dependents against a third party for an injury to which secs. 102.03 to 102.64 are applicable.   But in the event of a recovery it is provided that "so much thereof as is necessary to discharge in equal amount the liability of the employer and the insurer for compensation shall be paid to such employer or insurer; and any excess shall belong to the injured employee or his dependents."   Sec. 102.29 (1) (b).

It thus appears that only so much as remains of the amount recovered in such an action over the one third and costs of collection and what is necessary to discharge in equal amounts the liability of the employer and the insurer, goes to the employee.

Here the award of the industrial commission has made the insurer liable for payment to the plaintiff of $3.15 each week for the period of seven hundred twelve weeks.   The statute

referred to expressly provides that the insurer shall receive an amount sufficient to discharge his liability. That is not only the amount already paid but the amount for which the employer or his insurer is liable. One objection to the order appealed from is that in effect the court has ordered that the entire proceeds after deducting amounts already paid, be paid to respondent, leaving the employer and insurer to get such relief as they can by petitioning the industrial commission to credit them with the amount due under the award. Another objection is that it interferes with the obligation of the industrial commission under the Workmen's Compensation act, to see that its order and award is fully discharged. Had the industrial commission, in its discretion, made an award in a lump sum to the employee, there would be no issue raised as to the necessity of the amount passing through other hands before being received by the respondent. However, no order has been made by the commission under sec. 102.32 (7), Stats., granting payment in a lump sum. The statute providing for payments for permanent disability on an instalment basis is a welfare measure and was enacted for a practical purpose. In cases where an employee has maintained an action against a third person and has also applied for compensation, the disbursement of the proceeds must be under and according to the statute. The court cannot exercise administrative powers. Those powers are placed in the commission.

An examination of the history of this statute sustains the position that the award of the commission is directive and controlling. The fruits of the judgment of the third-party action can only be enjoyed in a manner consistent with the industrial commission's award. A history of the legislation is given in the opinion in the case of *Employers Mut. Liability Ins. Co. v. Icke,* 225 Wis. 304, 274 N. W. 283. Originally, under the compensation act an employee, electing to take compensation, entirely lost his right to a third-party action. The insurer or employer became the owner of the cause of action under the theory of assignment. There has been a gradual

transition from the theory of sole ownership under assignment to regulated and specified interests in the results of such actions. Although the rights of the employee were increased by successive amendments, still control in certain respects has been left in the commission by these enlargements which have been substituted for the original plan. The right to a recovery against a third person as it exists under the present law, therefore, is limited by the terms of sec. 102.29, Stats. And in the light of this development the right is given to the insurer to have such an amount from the proceeds of the judgment over the one third and costs, as is necessary to discharge his liability. It is apparent that the legislature intended that, when an employee chose to make a claim for compensation, the award of the industrial commission was to be fully carried out and the action against a third party was not to operate so as to compel changing the commission's award for compensation to be paid over a period of weeks.

The contention of respondent, that his rights to the entire balance of the proceeds of the judgment might be jeopardized should the industrial commission subsequently accelerate the payments because then a discount might be allowed the insurer, is not well grounded. The respondent can be adequately protected by payment of this fund to the insurer in trust for its own reimbursement as it makes future payments to plaintiff, or by letting it remain in trust with the clerk of court to be repaid to the insurer as fast as the insurer pays compensation payments to the respondent.

Other provisions of the order are in accordance with law and are not challenged on this appeal.

In checking over the figures set forth in the order there is an apparent discrepancy in the order of $10. Where the amount reads $1,154.88 it should read $1,144.88. This error should be adjusted.

*By the Court.*—The order requiring the payment of the sum recited in paragraph 4 of the order to Walter Richtman is reversed. In other respects the order is affirmed.