Argued October 2, affirmed November 14, 1962

STATE EX REL NILSEN *v.* DENTAL
SERVICE, INC.

376 P. 2d 91

*H. J. Belton Hamilton* and *Thomas Y. Higashi*, Assistant Attorneys General, Portland, argued the cause for appellant. With them on the brief were Robert Y. Thornton, Attorney General, Salem, and Thomas N. Trotta, Assistant Attorney General, Portland.

No appearance for respondent.

Before McAllister, Chief Justice, and Sloan, O'Connell, Lusk and Denecke, Justices.

SLOAN, J.

Plaintiff brought this action on an assigned wage claim as permitted by ORS 652.330. The assignor of the claim was one Robert J. Yeoman. At some unspecified time after the assignment of the claim to plaintiff, Yeoman became a resident of Montana. Immediately after this complaint was first filed herein, in April 1961, defendant commenced an unsuccessful effort to take the deposition of Yeoman. Finally, on March 7, 1962, the court entered an order dismissing the action because of Yeoman's failure to appear for the purpose of having his deposition taken. Plaintiff appeals from that order.

The sole question to be decided by this appeal is: Was Yeoman a "party" in this action within the meaning of ORS 45.190? That section empowers the court to dismiss an action if the party fails or refuses to appear for deposition. If Yeoman were a witness only, as plaintiff contends, the dismissal was in error. To decide this question, it is unnecessary to relate the long series of preliminary proceedings which culminated in the order appealed from. Yeoman had failed to appear in accordance with a prior order of

the court and plaintiff conceded that he could not have produced him for a deposition.

ORS 652.330 (2) authorizes the Commissioner of Labor to accept assignments of wage claims and to file actions thereon "* * * with the benefits and subject to existing laws applying to actions by employes for collection of wages." In this case Yeoman, with the exception of a penalty provision to be mentioned shortly, was the sole beneficiary of any recovery made in this case. He retained full right to receive any recovery of the alleged unpaid wages. Were it not for the statutes authorizing an action of this nature plaintiff would have had no standing in court to prosecute this case. *Pulkrabek v. Bankers' Mortgage Corp.*, 1925, 115 Or 379, 385, 238 P 347, 349. We think the court properly treated Yeoman as a party when it dismissed the action pursuant to ORS 45.190. *Wheeler v. Burckhardt*, 1899, 34 Or 504, 56 P 644. And see *Employers Mut. Liability Ins. Co. v. Icke*, 1937, 225 Wis 304, 274 NW 283.

■ Plaintiff argues that the 10 percent penalty authorized by ORS 652.350 if an employer fails to pay the claim, upon notice to the employer by the commissioner, or fails to make a satisfactory explanation of the failure to pay, is a separate cause of action in favor of the commissioner and could not have been dismissed. The section of the statute cited allows the penalty only to the extent "of that portion of the claim found to be justly due." Consequently, the penalty could only have been recovered if the cause for wages had succeeded in some amount. We do not need, in this case, to determine who is entitled to receive the amount of any penalty, see ORS 652.390, so allowed or who and by what process it is decided that the employer has failed to make a satisfactory

answer. The recovery of any penalty is dependent upon a determination that wages were due and unpaid. ORS 652.350 gives to the Commissioner a separate independent cause of action only "after adjustment of such wage claim without court action."

Judgment affirmed.