SKORNIA, Plaintiff and Respondent, v. HIGHWAY PAVERS, INC., Defendant and Appellant: AXT, Defendant and Respondent.

*February 1—February 28, 1967.*

---

[8] (1966), 30 Wis. (2d) 187, 190, 140 N. W. (2d) 200.

For the defendant-appellant there were briefs by *Prosser, Zimmermann & Wiedabach* of Milwaukee, and oral argument by *Frederick H. Prosser.*

For the plaintiff-respondent there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the defendant-respondent there was a brief by *Niebler & Herro* of Milwaukee, attorneys, and *Chester J. Niebler* of counsel, and oral argument by *Chester J. Niebler.*

HALLOWS, J.   Since we decide the trial court was in error in not allowing Highway Pavers to call the witnesses adversely under sec. 885.14, Stats., and this case must be sent back for that purpose, we do not reach or intimate any opinion upon the merits of the determination of the status of Axt at the time of the accident for the purpose of applying the doctrine of *respondeat superior.*

We think the compensation carrier who paid compensation benefits to Skornia is "a person for whose immediate benefit" the action by Skornia was prosecuted,

and as such is subject to have its officers, agents and employees called adversely by the alleged tort-feasor under sec. 885.14, Stats.

An injured employee under sec. 102.29 (1), Stats., is entitled to seek recovery from a third party tort-feasor even though he has received workmen's compensation benefits. However, the employer or the compensation insurer who has paid workmen's compensation benefits likewise has a right to make a claim or maintain an action in tort against the third party tort-feasor. Such parties may join in the same suit and have an equal voice in its prosecution, but regardless of who are party plaintiffs or who commences the suit against the third party the proceeds, after deduction of a reasonable cost of collection, must be divided between the injured employee and the payor of the compensation benefits in the manner provided in that section. The suit commenced by Skornia was as much for the immediate benefit of the compensation carrier as it was for Skornia since they both directly share the proceeds of any recovery. Consequently, one does not have to be a named party to the suit in order to be "a person for whose immediate benefit" the action is brought. This was decided on converse facts and the injured employee was held to be a person for whose immediate benefit the action was prosecuted in a suit commenced only by the compensation carrier against the third party tort-feasor. *Employers Mut. Liability Ins. Co. v. Icke* (1937), 225 Wis. 304, 274 N. W. 283. The *Icke Case* involved sec. 326.12, Stats. 1935, now sec. 887.12, relating to adverse examinations before trial, but the language of that section at the time of the decision is similar to the present language in sec. 885.14 (formerly sec. 325.14), governing calling witnesses adversely at the trial.

The respondents contend this error cannot be raised because Highway Pavers did not make an offer of proof

for the excluded testimony of Nance and rely on *Findorff v. Findorff* (1958), 3 Wis. (2d) 215, 226, 88 N. W. (2d) 327. But, the court did not exclude Nance's testimony; it refused to allow Highway Pavers to call Nance as an adverse witness which is quite a different thing, even though it resulted in the exclusion of evidence. Nor do we think the argument that Highway Pavers sought to conduct a discovery proceeding at trial is meritorious. The examination of a witness adversely before trial is not a condition precedent to his being examined as an adverse witness at trial. The case of *Kablitz v. Hoeft* (1964), 25 Wis. (2d) 518, 131 N. W. (2d) 346, does not support the respondents' argument. That case held it was error to permit an orthopedic surgeon to be called adversely at the trial because he was not the agent of the defendant insurance company but pointed out under sec. 326.12, now 887.12, Stats., as amended in 1961, the doctor could have been adversely examined before trial.

We think the court also erred in not allowing Highway Pavers to call Allan Axt as an adverse witness. The test of who is an adverse party within the meaning of sec. 885.14 (1), Stats., is not determined by whether the person is designated a plaintiff or a defendant in the pleadings or whether he is adverse or not on other issues. In the early case of *O'Day v. Meyers* (1911), 147 Wis. 549, 133 N. W. 605, in discussing the problem of adverse party under sec. 4068, Stats. 1898, we stated the true test was "Are their interests adverse?" citing *Crowns v. Forest Land Co.* (1898), 99 Wis. 103, 74 N. W. 546. Parties to a suit may be adverse on one issue and not adverse on another, and thus the right to call a party as an adverse witness depends upon whether the interests of the witness and the party seeking to call him for examination are adverse on the subject matter of the examination. In *O'Day,* the assignee of the vendor of a land contract sued the vendor and the vendee. The

vendor admitted all the allegations in the complaint; the vendee denied all of them. Thus while the vendor and the vendee were both defendants they were adverse parties and it was held the defendant vendee could examine his codefendant vendor as an adverse witness under sec. 4068. On this point this section is substantially the same and is a predecessor of the present sec. 885.14.

In *Bakula v. Schwab* (1918), 167 Wis. 546, 555, 168 N. W. 378, this court in speaking of adverse parties for the purpose of applying the doctrine of *res judicata* stated adverse parties must be opposite parties on an issue between them. Even though parties may be designated as plaintiff and defendant they are not necessarily adverse. In *Locke v. General Accident Fire & Life Assur. Corp.* (1938), 227 Wis. 489, 279 N. W. 55, no cause of action was stated against an insured and no claim was made against him although a cause of action was stated and a claim asserted against his insurance company. It was there held the plaintiff could not call the defendant-insured as an adverse witness under sec. 325.14, Stats., because there was no issue between them. In a somewhat similar case, *Voss v. Metropolitan Casualty Ins. Co.* (1954), 266 Wis. 150, 154, 63 N. W. (2d) 96, it was held a wife who was a guest in a car driven by her husband at the time of the accident, and who sued her husband's insurer but not her husband, could not call her husband as an adverse witness under sec. 325.14 because he was not a person for whose immediate benefit the action was defended. This decision rests on the fact the husband under no consideration of coverage or pleadings would be bound by any judgment obtained in the suit or be prejudiced thereby. The *Voss Case* was relied on in *McFarlin v. Hewitt* (1958), 5 Wis. (2d) 488, 93 N. W. (2d) 445, where this court held the guest passenger who sued the host driver and his insurance company together with the other driver and owner and insurer could not call the

host driver as an adverse witness because the plaintiff had settled with and given complete releases to the host driver and his insurer.

Nor does the mental attitude, prejudice or sympathy of a person constitute him an adverse witness or destroy that status if in fact his interest is adverse. *Knox v. Fidelity & Casualty Co.* (1924), 184 Wis. 104, 197 N. W. 733.

After the amendment of the pleadings, Allan Axt's position was adverse to Highway Pavers. Axt claimed he was Highway Pavers' employee at the time of the accident; Highway Pavers claimed he was not. Since both Axt and Highway Pavers are being sued, their financial interests are dependent upon this issue and are adverse. Respondents argue no offer of proof was made of the testimony sought from Axt, but like the ruling on Nance this ruling concerned the manner in which Axt could be examined, not what matter he could testify to, and thus this argument of the respondents is likewise without merit. Much of the argument in the briefs concerns the timing of the request for the adverse examination of Axt, but this was not an issue before the trial court and was not the basis for its ruling.

The respondents further contend that since the positions of Axt and Highway Pavers are adverse only because Highway Pavers took the position Axt was not its employee, a position most favorable to Highway Pavers' insurer whose attorney prepared both the answer of Highway Pavers and the original answer of Axt, that it is unfair for Highway Pavers to use the original answer and a pretrial adverse examination in the examination of Axt at trial. We think it is immaterial how the adverse issue arose. It would still exist if Axt had not accepted the free defense offered by the insurer and had hired his present counsel in the first instance. If the original answer and the adverse examination are used in the examination of Axt, Axt is not

without his remedy to clarify and explain the circumstances.

This error of the trial court was prejudicial to Highway Pavers and since this matter was tried to the court on only the preliminary question of status and Highway Pavers on motions after verdict sought to reopen the hearing for the purpose of examining Nance and Axt as adverse witnesses, we believe the judgment should be reversed, the findings set aside and the cause remitted for further proceedings including the allowance of Highway Pavers to call both Nance and Axt under sec. 885.14, Stats.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.