**Sandra WATTS, Plaintiff,**

v.

**I. B. M. CORPORATION, a foreign corporation, Defendant.**

**Civ. A. No. 70-C-146.**

United States District Court,
E. D. Wisconsin.

May 16, 1972.

Miriam Eisenberg, Milwaukee, Wis., for plaintiff.

Donald H. Carlson, Milwaukee, Wis., for defendant.

REYNOLDS, Chief Judge.

This is an action for damages in the amount of $100,000 brought by plaintiff, a Wisconsin resident, against defendant, I.B.M. Corporation, a foreign corporation. Jurisdiction is grounded upon diversity. 28 U.S.C. § 1332(a). Defendant has moved for summary judgment dismissing the plaintiff's complaint upon its merits.

The essence of plaintiff's complaint is that on October 19, 1968, while in the course of employment as a proof machine operator for the Marine National Exchange Bank and operating a #1201 I.B.M. machine manufactured by the defendant, plaintiff injured the middle finger of her left hand and that her injury was caused by a malfunction of the defendant's machine. Prior to bringing her tort claim in this court, plaintiff brought a workmen's compensation action against her employer, Marine National Exchange Bank, before the State of Wisconsin Department of Industry, Labor, and Human Relations ("Department"). The Department dismissed plaintiff's claim against her employer on May 5, 1970. Plaintiff appealed the Department's action to the Circuit Court of Dane County, Wisconsin. On June 4, 1971, that court affirmed the Depart-

ment's dismissal of plaintiff's claim. Defendant in its motion for summary judgment argues that the action of the Dane County Circuit Court is res judicata as to the plaintiff's claim before this court.

■ Because this suit is a diversity of citizenship action, this court must follow the laws of the state where the action arose. In Angel v. Bullington, 330 U.S. 183, 191, 67 S.Ct. 657, 662, 91 L.Ed. 832 (1947), the Supreme Court held that the rule of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)—"that a federal court enforces State law and State policy"—extends to the state's application of the law of res judicata. Therefore, it is necessary to determine the defendant's motion on the laws and decisions of the Wisconsin legislature and the Supreme Court, respectively.

■ Section 102.29 of the Wisconsin Statutes, third party liability (in workmen's compensation actions), states in pertinent part:

"(1) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, his personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; * * *."

Two recent Wisconsin Supreme Court cases have dealt with the meaning of § 102.29. In Skornia v. Highway Pavers, Inc., 34 Wis.2d 160, 148 N.W.2d 678 (1967), the plaintiff Skornia, an employee of a joint venture consisting of W. S. Lazynski and Koch and Bonness Inc., commenced a suit to recover for injuries received on a road job because of the alleged negligence of an employee of the defendant Highway Pavers, Inc. The defendant was the prime contractor on an expressway construction project in Milwaukee in which plaintiff's employer was a subcontractor. The plaintiff had already successfully brought a workmen's compensation case against his employer. Responding to the defendant's argument that plaintiff's prior workmen's compensation claim made the case res judicata, the Wisconsin Supreme Court held:

"An injured employee under sec. 102.29(1), Stats., is entitled to seek recovery from a third party tort-feasor even though he has received workmen's compensation benefits. However, the employer or the compensation insurer who has paid workmen's compensation benefits likewise has a right to make a claim or maintain an action in tort against the third party tort-feasor. * * *" 34 Wis.2d 160, 165, 148 N.W.2d 678, 680.

In Kerner v. Employers Mutual Liability Insurance Company, 35 Wis.2d 391, 151 N.W.2d 72 (1967), the plaintiff Kerner had previously commenced and recovered workmen's compensation from his employer's insurance company. Then the plaintiff attempted an independent action against the defendant liability insurer on the ground that it had failed to properly inspect his employer's plant. Although the Wisconsin Supreme Court dismissed the plaintiff's claim, it said that employees should be permitted to bring independent claims against third parties. Interpreting the third party liability statute (§ 102.29(1)), the Supreme Court held that it—

" * * * articulately states that a third-party-liability suit can only be brought against parties other than the compensation insurer. An employee can make a compensation claim against a compensation insurer and can bring suit against any other party for a third-party-liability action." 35 Wis.2d 391, 395, 151 N.W.2d 72, 74.

The combination of § 102.29(1) and the two recent Wisconsin Supreme Court cases interpreting its meaning persuades me that the plaintiff's workmen's compensation claim against her employer should not bar her from making an independent claim against the defendant. The plaintiff's claim against the defend-

ant may be based on a different set of factors than her workmen's compensation claim against her employer, and the availability of discovery devices may uncover facts which were not brought out in the workmen's compensation action.

It is therefore ordered that defendant's motion for summary judgment be and it hereby is denied.