Robert R. SIMANEK, Plaintiff-Respondent,

TRANSPORTATION INS. CO., a foreign corporation, Plaintiff-Appellant,

v.

MIEHLE-GOSS-DEXTER, a division of Rockwell International Corporation, a foreign corporation, Defendant.

Court of Appeals

*No. 82–1274. Submitted on briefs February 9, 1983.—Decided April 5, 1983.*
(Also reported in 334 N.W.2d 910.)

1

For the plaintiff-appellant the cause was submitted on the briefs of *Otjen & Van Ert, S.C.,* by *Dennis K. Sage,* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *Capwell, Berthelsen, Nolden & Casanova, Ltd.,* by *David J. Nolden,* of Racine.

Before Moser, P.J., Decker and Wedemeyer, JJ.

MOSER, P.J. This is an appeal from an order approving a third-party structured settlement in a worker's compensation case. Because the approved disbursement procedure improperly applies sec. 102.29(1), Stats., we reverse the order and remand with directions to the trial court to restructure the settlement disbursements.

Robert F. Simanek (Simanek) lost all of the fingers on his right hand when he caught his hand in a printing machine at work. Transportation Insurance Company (Transportation), the employee's worker's compensation insurance carrier, has paid medical expenses and some disability payments. It will make future disability payments to Simanek up to $38,961.48.

Simanek commenced a third-party products liability action against the printing machine manufacturer, Miehle-Goss-Dexter (M-G-D), a division of Rockwell International Corporation. Transportation waived its right to join in the third-party action but reserved its right to reimbursement pursuant to sec. 102.29(1), Stats.

M-G-D and its insurer offered Simanek a nonnegotiable structured settlement, which Simanek accepted. The settlement provided for a $50,000 cash payment for costs, fees and disbursements, plus equal monthly payments for the greater of twenty years or Simanek's life. The first 131 monthly payments were to be paid to Simanek, the next 54.06 payments to Transportation to reimburse its disability and medical expense payments, and the remaining payments to Simanek. Transportation argued that the schedule of disbursements deprived it of

any recovery for eleven years. The trial court decided the settlement disbursement schedule was within the meaning of sec. 102.29(1), Stats., and approved the settlement. Transportation appeals from that order.

Although the parties raise a number of issues on appeal, we view as dispositive the resolution of the question whether a structured settlement complies with sec. 102.29 (1), Stats., when it delays reimbursement to the worker's compensation insurer until after one-third of the post-costs proceeds have been paid to the employee. We hold that it does not comply with the statute.

This appeal concerns the interpretation and application of sec. 102.29(1), Stats., which, in part, provides guidelines for dividing the proceeds of third-party actions in worker's compensation claims.[1] Interpretation and construction of a statute is a question of law for independent review.[2] On questions of law, an appellate court is not bound by the determination of the trial court.[3]

At the outset, we address Simanek's contention that Transportation has no standing to dictate the terms of

---

[1] Sec. 102.29(1), Stats., provides in relevant part as follows:

[T]he liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting such claim, the proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe . . . . Out of the balance remaining, the employer or insurance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future, under this chapter . . . . Any balance remaining shall be paid to the employe . . . .

[2] *State v. Clausen*, 105 Wis. 2d 231, 243–44, 313 N.W.2d 819, 825 (1982).

[3] *Bruner v. Kops*, 105 Wis. 2d 614, 618, 314 N.W.2d 892, 894, (Ct. App. 1981).

the settlement agreement because Transportation waived its right to prosecute the third-party claim against M-G-D. The argument lacks merit. The statute expressly contemplates the possibility that not all parties will join in prosecuting a claim against a third party.[4] In *Skornia v. Highway Pavers*,[5] the Wisconsin Supreme Court construed the relevant portion of the statute and concluded that "regardless of who are party plaintiffs or who commences the suit against the third party the proceeds, after deduction of a reasonable cost of collection, must be divided between the injured employee and the payor of the compensation benefits in the manner provided in that section."[6] The statute thus mandates the division of proceeds without regard to participation in the suit. An insurer that exercises its statutory right to waive prosecution of the claim cannot be penalized for doing so by being forced to accept any settlement arranged between the employee and the third party. The insurer has an interest in the outcome of the settlement and must be allowed to participate, at least to the extent of ensuring that the settlement agreement complies with the statute.

We see no ambiguity in the settlement provisions of the statute in question. When the plain meaning of a statute is apparent, "a court need not resort to either construction or case law to bolster its recognition of that plain meaning."[7] The statute provides that the injured

---

[4] The statute provides that *"irrespective of whether or not all parties join in prosecuting such claim,* the proceeds of such claim *shall* be divided as follows, . . . ."  Sec. 102.29(1), Stats. [Emphasis added.]

[5] 34 Wis. 2d 160, 148 N.W.2d 678 (1967).

[6] *Id.* at 165, 148 N.W.2d at 680–81.

[7] *Guyette v. West Bend Mut. Ins. Co.*, 102 Wis. 2d 496, 500, 307 N.W.2d 311, 313 (Ct. App. 1981).

employee shall receive one-third of the balance after the reasonable costs of collection are paid. Out of the remaining two-thirds, the employer's insurer is to be reimbursed. Any remaining amount is then paid to the employee. If we give the statute its ordinary and accepted meaning, as we must,[8] it merely provides a method of computation to ensure a minimum payment to the injured employee, regardless of the insurer's disbursements and a contemporaneous disbursement to the insurer from the computed balance. The statute neither mandates nor contemplates deferring the insurer's reimbursement until after the employee receives one-third of the post-costs settlement amount. This has been a longstanding administrative construction of the statute.

Simanek claims that because the settlement offer was nonnegotiable, he had no control over the order of payments proposed by M-G-D. The sole nonnegotiable aspect apparent from the record, however, is the provision for a cash settlement followed by at least twenty years of monthly payments—M-G-D would not provide a lump-sum settlement. At the approval hearing M-G-D acknowledged that payments would be made as directed by the court, although M-G-D favored the disbursement plan as proposed. Thus, the third party appeared to have no serious objections or concerns about who would be paid, and when, but only about spreading payments over a number of years. The parties may *consent* to a division of proceeds different from that in the statute, but absent consent of all the parties, the statute controls.[9]

Interpreting the statute to compel the insurer to defer receipt of its reimbursement would lead to an absurd

---

[8] *Id.* at 500–01, 307 N.W.2d at 313.

[9] *Rice v. Gruetzmacher*, 30 Wis. 2d 222, 227, 140 N.W.2d 238, 241 (1966).

result. The employee would receive payments for a time —eleven years in this instance. Suddenly those payments would cease while the insurer is reimbursed, a lapse of over five and one-half years here. Eventually the employee's payments would begin again. If the insurer paid the employee's medical and disability claims promptly, it would be penalized for its promptness by having no use of its money for over eleven years. The employee, meanwhile, would have a substantial period of time without disability payments. We see no logic or justice in such an interpretation. We therefore conclude that the insurer and the employee should receive payments contemporaneously. We remand to the trial court with directions to restructure the settlement accordingly.

*By the Court.*—Order reversed and cause remanded with directions.