Stella V. BREWER, individually and as personal representative of the Estate of Harold R. Brewer, Plaintiff-Respondent,

v.

AUTO-OWNERS INSURANCE COMPANY, a foreign corporation, and Edward A. Beggs, Defendants,

OLD REPUBLIC INSURANCE COMPANY, a foreign corporation, Defendant-Appellant.

Court of Appeals

*No. 86–2034. Submitted on briefs October 6, 1987.—Decided December 30, 1987.*

(Also reported in 418 N.W.2d 841.)

For the defendant-appellant the cause was submitted on the briefs of *James A. Meier* and *Meier, Wickhem, Southworth & Lyons, S.C.,* of Janesville.

For the plaintiff-respondent the cause was submitted on the brief of *Margaret B. Grabowski* and *Brennan, Steil, Ryan, Basting & MacDougall, S.C.,* of Janesville.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN J. Old Republic Insurance Company (Republic) appeals from an order, entered under sec. 102.29(1), Stats., allocating the insurance proceeds Stella Brewer received in her wrongful death action against Edward Beggs and his insurer, Auto-Owners Insurance Company. The issue is whether a trial court must distribute insufficient insurance proceeds between two sets of competing claims, one set which is subject to sec. 102.29(1) allocation[1] and one set which

---

[1] Section 102.29(1), Stats. (1983–84), provides in part:

The making of a claim for compensation against ... [a] compensation insurer for the ... death of an employe shall not affect the right of the ... employe's personal representative ... to ... maintain an action in tort against any other party for such ... death, hereinafter referred to as a 3rd party; *nor shall the making of a claim by any such person against a 3rd party for damages by reason of an injury to which ss. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of ... the employe's dependents to recover compensation. The ... compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to ... maintain an action in tort against any other party for such ... death. ...* If notice is given ... the liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting such claim, *the proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to ... the employe's personal representative or other person entitled to bring action. Out of the balance remaining, the employer or insurance carrier shall be*

is not, according to the following formula: (1) assign values to all claims, (2) make a *pro rata* distribution of the insufficient insurance proceeds among all claims, (3) exclude those claims not subject to allocation under sec. 102.29(1), and (4) follow the sec. 102.29(1) allocation formula for the remaining claims. Because we conclude the trial court must follow this procedure in the absence of an alternative agreement among all parties, we reverse.

Harold Brewer died on November 16, 1983 from work-related injuries caused by Edward Beggs. Harold's widow, Stella, brought a wrongful death action against Beggs and Auto-Owners. Republic was the worker's compensation carrier for Harold's employer. Stella and Auto-Owners agreed to settle her claim for $50,200, the policy limits. Republic had paid Stella $42,042 in death benefits, $14,360.90 for medical expenses and $1,000 for funeral expenses.

Stella petitioned the court for approval of the settlement and for an order distributing the settlement proceeds. Stella stipulated that, in return for the $25,000 statutory maximum then available for loss of society and companionship under sec. 895.04(4), Stats.,[2] she would waive claims for pecuniary support[3]

*reimbursed for all payments made by it, or which it may be obligated to make in the future, under this chapter .... Any balance remaining shall be paid to ... the employe's personal representative or other person entitled to bring action.* (Emphasis added.)

[2]Section 895.04(4), Stats. (1981–82), provides in part:

Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $25,000 for loss of society and companionship may be awarded to the spouse ....

Section 895.04(4) was amended by 1983 Wis. Act 315, which changed $25,000 to $50,000 effective May 1, 1984.

and for loss of society and companionship until the time of Harold's death. Republic objected that this arrangement was contrary to the sec. 102.29(1), Stats., formula.

The trial court found that the $50,200 settlement, the $16,919 for collection costs, and the $25,000 to compensate Stella for the loss of her husband's society and companionship were all reasonable amounts. The court made no findings regarding pecuniary loss, Stella's loss of society and companionship from the time Harold was injured until he died, or Harold's conscious pain and suffering.

The trial court approved the following distribution of the $50,200:

| | |
|---|---|
| Total Settlement proceeds | $50,200.00 |
| Less Costs of collection | 16,919.00 |
| | $33,281.00 |
| Amount due to Stella for loss of society and companionship resulting from husband's death | 25,000.00 |
| Amount subject to allocation under sec. 102.29(1), Stats. | $ 8,281.00 |

"Section 102.29(1), Stats., unambiguously directs the court that it 'shall' divide 'the proceeds' of claims for the injury or death of the employe according to the formula which the statute provides." *Kottka v. PPG Industries, Inc.*, 130 Wis. 2d 499, 510, 388 N.W.2d 160, 165 (1986). "[Section 102.29(1)] provides that the injured employee shall receive one-third of the bal-

[3]The parties do not raise the issue of whether a claim for loss of pecuniary support is subject to allocation under sec. 102.29(1), Stats.

ance after the reasonable costs of collection are paid. Out of the remaining two-thirds, the employer's insurer is to be reimbursed. Any remaining amount is then paid to the employee." *Simanek v. Miehle-Goss-Dexter,* 113 Wis. 2d 1, 5–6, 334 N.W.2d 910, 912 (Ct. App. 1983). Unless all parties consent to a division different from that in sec. 102.29(1), the statute controls. *Id.* at 6, 334 N.W.2d at 912.

Stella's sec. 895.04(4), Stats., claim for loss of society and companionship is not subject to allocation under sec. 102.29(1), Stats. As such, it competes with those claims subject to sec. 102.29(1) allocation. Because the insurance proceeds are insufficient to satisfy both her claim and those claims subject to allocation under sec. 102.29(1), all claims must be assigned values and the insurance proceeds distributed *pro rata* between these competing claims. *Wondrowitz v. Swenson,* 132 Wis. 2d 251, 258–59, 392 N.W.2d 449, 451–52 (Ct. App. 1986). The portion of the settlement representing Stella's sec. 895.04(4) claim, including the costs of its collection, must be excluded before proceeding with the sec. 102.29(1) allocation. *Compare Kottka,* 130 Wis. 2d at 522, 388 N.W.2d at 170 (damages for loss of consortium before death, including collection costs, are excluded before proceeding with sec. 102.29(1) allocation).

This distribution does not conflict with either the *Kottka* or *Wondrowitz* holdings.[4] Insufficient insurance proceeds are distributed *pro rata* between two groups of claims: those subject to allocation under sec.

---

[4]Stella argues that *Kottka* specifically rejected a *pro rata* distribution of insufficient insurance proceeds. This is inaccurate. The *Kottka* court did not address the issue of a *pro rata* allocation of insufficient insurance proceeds between claims subject to sec. 102.29(1) allocation and other competing claims.

102.29(1), Stats., and those which are not. The amount not subject to sec. 102.29(1) is distributed and the amount subject to sec. 102.29(i) is then allocated according to the sec. 102.29(1) formula. Therefore, where claims not subject to sec. 102.29(1) allocation compete for insufficient settlement proceeds with claims subject to sec. 102.29(1) allocation, the trial court should follow this formula:

1. Determine value of each claim;
2. Pro-rate the settlement proceeds between all claims;
3. Distribute the amounts allocated to those claims not subject to sec. 102.29(1), Stats.:
 a) deduct reasonable collection costs;
 b) distribute the balance to claimants;
4. Distribute claims subject to sec. 102.29(1), Stats., as follows:
 a) deduct reasonable collection costs;
 b) allocate 1/3 to "employe's personal representative or other person entitled to bring action;"
 c) out of balance, the insurance carrier is to be repaid for the payments it has made or is obligated to pay;
 d) any funds remaining must be paid to the "employe's personal representative or other person entitled to bring action."

Because the trial court did not follow this sequence, we reverse and remand for proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.