Eleanor J. NELSON, Plaintiff-Respondent,†

v.

Steven J. ROTHERING, General Casualty Company of Wisconsin Gail M. Noltner, and Allstate Insurance Company, Defendants,

TRAVELERS INSURANCE COMPANY, Defendant-Appellant.

Court of Appeals

*No. 91–0875. Submitted on briefs September 11, 1991.—Decided November 14, 1991.*

(Also reported in 478 N.W.2d 44.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Allan D. Krezminski* of *Schoone, Ware, Fortune & Leuck, S.C.* of Racine.

For the plaintiff-respondent the cause was submitted on the brief of *Michael R. Fitzpatrick* of *Brennan, Steil, Basting & MacDougall, S.C.* of Janesville.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J. Travelers Insurance Company appeals from an order distributing the proceeds of the settlement of the employee's third-party claim under sec. 102.29(1), Stats.[1] The trial court divided only part of the settlement according to the statutory formula. We reverse and direct that the trial court, on remand, distribute the entire proceeds according to sec. 102.29(1).

---

[1]Section 102.29(1), Stats., provides in part:

> The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, the employe's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party . . .. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death . . ..

Section 102.29(1), Stats., of the Worker's Compensation Act permits the employee, the employer or the compensation insurer to make a claim against a negligent third party who has caused the employee's injuries. Regardless of who makes the claim, the employer or the compensation carrier is reimbursed for the amount of its expenditures, after payment of the costs of collection and one-third of the recovery to the employee, if the proceeds are sufficient.

The employee, Eleanor Nelson, suffered injuries to her neck, shoulders and back in a work-related automobile accident. She was treated with non-steroidal anti-inflammatory medication for pain associated with these injuries. She claimed that the treatment aggravated a preexisting gastrointestinal condition. Travelers compensated Nelson for her direct injuries, but refused to compensate her for her gastrointestinal complications. Nelson settled with Travelers "for any injury or injuries" arising out of the accident.

Nelson settled her third-party claim for $130,000. The trial court concluded that the gastrointestinal aspect of Nelson's claim was not subject to division under sec. 102.29(1), Stats. It therefore held an evidentiary hearing after which it concluded that $40,000 was the value of her back-related claim and $90,000 was the reasonable value of her gastrointestinal claim. The $40,000 to be distributed under sec. 102.29(1) was not sufficient to pay the costs of collection, pay one-third to the employee and reimburse Travelers.

The trial court concluded that Travelers could not share in the amount recovered by Nelson for her gastrointestinal complications because it had not compensated her for that injury nor would it have any liability in the future because of the compromise agreement. The trial court's conclusion presents a question of law we decide

without deference to the trial court. *Holdmann v. Smith Laboratories, Inc.,* 151 Wis. 2d 813, 816, 447 N.W.2d 69, 70 (Ct. App. 1989).

Nelson argues that Travelers is not entitled to reimbursement for the compensation it paid for her direct injuries out of that portion of the settlement Nelson received for her aggravated injury. Nelson quotes that part of sec. 102.29(1), Stats., which provides: "The employer or compensation insurer *who shall have paid or is obligated to pay a lawful claim under this chapter* shall have the same right [as the employee] to make claim or maintain an action in tort against any other party for such injury or death." (Emphasis added by Nelson.) Nelson contends that Travelers did not compensate her for her gastrointestinal condition and, because of their compromise agreement, has no obligation to pay compensation for that injury. Thus, Travelers is not a party "having a right to make claim," which, Nelson argues, is a prerequisite to sharing in the proceeds of a third-party claim.

It is, however, undisputed that Travelers paid worker's compensation benefits to Nelson. Nelson's argument succeeds only if the third-party settlement settled two claims, one compensable under the Worker's Compensation Act, for which Travelers paid her compensation, and one not compensable, for which Travelers did not pay her compensation.

The trial court accepted Nelson's argument that the settlement included a claim which was not compensable under the Worker's Compensation Act. The trial court stated:

> [W]e have reached the point where . . . I find as a conclusion that it is necessary for me under the direction provided in . . . *Brewer v. Auto Owners Insurance Company* to determine a value for the portion of

605

the claim that Ms. Nelson made in this case based on her gastrointestinal problems as opposed to the problems for the back, neck and shoulder injuries that she experienced from the initial accident. *I make that conclusion because I conclude that the gastrointestinal [aspect] of her claim is one that is not subject to the statutory division provided by Section 102.29.* [Emphasis added.]

*Brewer v. Auto-Owners Ins. Co.,* 142 Wis. 2d 864, 418 N.W.2d 841 (Ct. App. 1987) would apply if in fact Nelson settled a claim which was not subject to division under sec. 102.29(1), Stats. In *Brewer,* one of the claims—for loss of society and companionship—was not subject to division. Here, however, Nelson had only one claim—for her injuries arising out of the work-related automobile accident. It is undisputed that Nelson claimed that she was entitled to worker's compensation benefits for the gastrointestinal complications. At the apportionment hearing, Nelson's counsel argued that Nelson's stomach injury "is related to the accident." He further stated:

It is clear from the case law and there is a jury instruction right on point that I would have asked the Court to give the jury if we would have [gone] to trial. If you aggravate a pre-existing condition, you're liable for that aggravation.

█ Counsel correctly stated the law; a claim for an injury includes aggravation of a preexisting condition. *See Holdmann,* 151 Wis. 2d at 816, 447 N.W.2d at 70 (aggravated injury during medical treatment of covered injury is compensable under Worker's Compensation Act). Therefore, Nelson's compromise settlement did not include a claim which was not compensable under the Worker's Compensation Act.

Nelson makes several equitable arguments. First, she argues that because Travelers could not have recovered for Nelson's gastrointestinal complications, it should not be allowed to share in the recovery obtained through Nelson's efforts. Second, Travelers' reimbursement should be limited to Nelson's compensation claim which it recognized and paid.

Nelson's assertion that Travelers could not have maintained an action for *all* of her injuries is incorrect. In fact, had Travelers brought a third-party action it would have had a duty to Nelson to attempt to recover all of her damages, even though it considered her gastrointestinal claim doubtful. The employer's or compensation insurer's cause of action is derivative. *London Guar. & Accident Co. v. Wisconsin Pub. Serv. Corp.,* 228 Wis. 441, 444, 279 N.W. 76, 77 (1938). The normal rule is that a subrogated carrier is entitled to recover from the third party not merely its compensation outlay, but the full amount of the employee's damages. 2A Arthur Larson, Workmen's Compensation Law § 74.31(a) at 14–447, 14–448 (citing *United States Fidelity & Guar. Co. v. Plovidba,* 508 F. Supp. 866 (E.D. Wis. 1981)).

As to Nelson's second equitable claim, Nelson is not unfairly treated if Travelers is reimbursed for the compensation it paid her. The rationale underlying statutory worker's compensation is that the worker accepts a smaller recovery than that potentially available at common law, in return for coverage of all work-related injuries regardless of fault. *Coleman v. American Universal Ins. Co.,* 86 Wis. 2d 615, 621, 273 N.W.2d 220, 222 (1979). Nelson had the worker's compensation "safety net" to compensate her for her injuries in her work-related accident. Her right to compensation under the

Act does not allow the tort-feasor who caused her injuries to escape liability. However, Nelson is not entitled to double recovery. The employer or compensation insurer has a right to share in the proceeds of any third-party claim to the extent either has compensated Nelson for her injuries.

It is inequitable, not to Nelson but to Travelers, to distribute the major share of Nelson's third-party settlement to her without reimbursing Travelers for compensation Nelson would not have received but for the Worker's Compensation "safety net." The action brought by Nelson was as much for the immediate benefit of Travelers as it was for Nelson. *See Skornia v. Highway Pavers, Inc.,* 34 Wis. 2d 160, 165, 148 N.W.2d 678, 681 (1967) (third-party liability action begun by employee is as much for the immediate benefit of the compensation carrier as for the employee since they both directly share the proceeds of any recovery).

In the original Worker's Compensation Act, the third-party action was brought by the employer or the compensation insurer as the employee's assignee because by making a claim under the Act, the employee assigned to the employer the employee's third-party claim. Section 2394–25, ch. 50, Laws of 1911; *Employers Mut. Liab. Ins. Co. v. Icke,* 225 Wis. 304, 307, 274 N.W. 283, 284 (1937). In 1931, the employer was given an independent right of action. *Id.,* 274 N.W. at 285. The legislative history of sec. 102.29, *see id.,* makes clear that the employee, the employer and the compensation insurer have equal rights to maintain a third-party action.

Reimbursement of the compensation payor according to the terms of a statute governing the distribution of proceeds is mandatory and cannot be modified by the courts. 2A Larson, Workmen's Compensation Law

§ 74.31(b) at 14-448 to 14-449. This rule has been carried to "the extreme" of forbidding an adjustment in the division formula even where the compensation insurer has a conflict of interest. *Id.* at 14-464 (citing *Huck v. Chicago, St. P., M.&O. Ry.,* 14 Wis. 2d 445, 111 N.W.2d 434 (1961)). In *Huck,* the court said:

> We assume that in many situations, persuasive arguments could be advanced that a particular division would be more just and equitable than that decreed by the legislature. Nevertheless, the formula does channel a portion of the net proceeds after costs of collection to each of the interested parties, and the legislature evidently considered it better policy to divide the funds by the formula it devised than to commit the matter to the discretion of court or commission.

14 Wis. 2d at 449-50, 111 N.W.2d at 436. We may not modify the statutory formula merely because we believe a different distribution of the proceeds of a third-party claim would be more equitable.

A Pennsylvania case presents a fact situation much like that presented here. In *Kelly v. Workmen's Compensation Appeal Bd.,* 527 A.2d 1121 (Pa. Commw. Ct. 1987), an employee received worker's compensation benefits from the employer and filed a third-party action for his injuries. He settled the action and the employer sought reimbursement. The employee claimed that the employer had not acted in good faith in opposing his original claim and should be disqualified from sharing in the proceeds of the third-party action. The court affirmed the decision in favor of the employer. The court held that the plain wording of the statute gave the employer an unqualified right to subrogation and that the record failed to reveal any reason to deprive the employer of its lien.

Even where the proceeds of the third-party claim are divided between separate claims, or among the elements of damages, which is the effect here, the courts have held that the right of reimbursement applies to the total amount. *See Capitol Aggregates, Inc. v. Great American Ins. Co.,* 408 S.W.2d 922 (Tex. 1966) (even though third-party recovery came in two separate suits, carrier's right to reimbursement applied to total amount recovered); *Jarbet Co. v. Hengst,* 260 S.W.2d 88 (Tex. Civ. App. 1953) (statutory right to reimbursement should not be at the mercy of what the employee chooses to include in his proof of damages); 2A Larson, Workmen's Compensation Law § 74.35 at 14–541 to 14–549 (employer's lien cannot be frustrated by segregating employee's third-party claim for pain and suffering from other claims).

We conclude that the entire amount of Nelson's third-party settlement is subject to division under sec. 102.29(1), Stats. On remand, the trial court shall divide the settlement according to the statute.

*By the Court.*—Order reversed and cause remanded with directions.