TAYLOR, J.
In this appeal from a final judgment granting equitable distribution, a workers’ compensation carrier and its insured contend that the trial court erred in holding that the carrier’s lien did not attach to the injured plaintiffs jury award of non-eeo-nomie damages. We agree and reverse the order granting equitable distribution.
Roy Alan Simmons, a resident of Maryland and employee of Maryland Sound Industries, Inc., was injured in Palm Beach County while working upon a stage at the South Florida Fairgrounds. Simmons and his wife, Bernadette Mooney, filed a negligence suit against three defendants: 1) Pavilion Partners; 2) Innovative Stage Concepts, Inc.; and 3) Superstar Stages and Tops, Inc. During the course of the litigation, Simmons received workers’ compensation benefits from The Hartford Insurance Company (The Hartford), through a benefits policy issued by The Hartford to Maryland Sound Industries. The Hartford paid the workers’ compensation amount and notified the parties of a pro-rata lien upon any judgment or settlement recovered by Simmons and Mooney. Simmons’s negligence claim proceeded to trial against the three defendants. The jury found liability and awarded damages as follows:
Future Medical Expenses: $ 25,175.00
Past Lost Earnings: $ 78,000.00
Past Pain and Suffering: $ 20,000.00
Future Pain and Suffering: $ 80,000.00
TOTAL: $203,175.00
No damages were awarded to Bernadette Mooney.
While a number of post-trial motions were pending, the parties settled the case for $220,000.00. Thereafter, because of the workers’ compensation herí and the parties’ disagreement over allocation of the settlement proceeds, the plaintiff moved for equitable distribution. At the hearing, one main issue was whether The Hartford was permitted to calculate its hen recovery based on the entire settlement amount or whether the jury’s $100,000 award for pain and suffering was to be subtracted prior to determining the proper amount of the hen. After deciding that Maryland law controlled equitable distribution, the court concluded that the $100,000 in non-economic damages were not subject to The Hartford’s hen or subrogation rights. In its written order, the court first noted that *924 Maryland law was silent on the subject. It then reasoned that because The Hartford had no obligation to pay Simmons for pain and suffering and did not advance funds for such damages, it thus had no standing to claim recoupment for those damages. Accordingly, the court held that the $100,000 for pain and suffering would be excluded from the amount available for equitable distribution.
In apportioning the amount of the lien as to the remaining $120,000, the trial court made the following calculations: it determined that 45% of plaintiffs total recovery was for non-economic damages and 55% was for economic damages; it then allocated the attorney’s fees and costs in those same percentages. After deducting the allocated attorney’s fees and costs from the economic damages, the court reached the following result:
Total recovery of economic damages: $ 120,000
less attorney’s fees (55% of $88,000): $ 48,400
less costs (55% of $38,000): $ 20,900
TOTAL: $ 50,700
The court thus granted the plaintiffs Motion for Equitable Distribution and awarded The Hartford $50,700. The Hartford and Maryland Sound Industries appealed, contending that the trial court erred in excluding the $100,000 non-economic damages when calculating the amount of equitable distribution. According to appellants, the lien attached to the total amount of the settlement.
We first note that the trial court correctly applied Maryland law in ruling on this issue. See Carriers Ins. Co. v. LeRoy, 309 So.2d 35, 37 (Fla. 3d DCA 1975)(noting that “matters bearing upon the execution, validity, interpretation and obligations of contracts are determined by the laws of the situs where the contract is made”). As such, the appropriate standard of review is de novo. See Transportes Aereos Nacionales, S.A. v. De Brenes, 625 So.2d 4, 5 (Fla. 3d DCA 1993)(“A trial court’s determination of foreign law is treated as a ruling on a question of law over which an appellate court exercises plenary review.”).
Pursuant to the Maryland Workers’ Compensation Act:
The employer has the exclusive right to pursue a cause of action against the third-party tortfeasor for two months. Thereafter, the employee also has a right to bring an action against the third-party, but the employer retains subrogation rights in the employee’s claim. The employer’s subrogation interest in the third-party claim acts as a “statutory lien” on any recovery the employee may obtain from the third-party. In other words, if the employee recovers compensation from the third-party tort-feasor, the employer is entitled to obtain reimbursement for its workers’ compensation payments from the proceeds. Where recovery from the third party is less than the employee is entitled to receive in benefits, the employee retains the right to recover the difference between the amount received from the third party and the amount payable under the statute.
Franch v. Ankney, 341 Md. 350, 357-58, 670 A.2d 951, 954-55 (Md.1996) (citations omitted).
Maryland Code Annotated [Labor and Employment] § 9-902(e) (2002), which governs actions against third parties, provides:
(e) If the covered employee or the dependents of the covered employee recover damages, the covered employee or dependents:
(1) First, may deduct the costs and expenses of the covered employee or dependents for the action;
(2) Next, shall reimburse the self-insured employer, insurer, Subsequent In *925 jury Fund, or Uninsured Employers’ Fund for:
(I) The compensation already paid or awarded; and
(ii) Any amounts paid for medical services, funeral expenses, or any other purpose under Subtitle 6 of this title; and
(3) Finally, may keep the balance of the damages recovered.
Unfortunately, as both parties have recognized, Maryland law has not specifically addressed the issue of whether an insurance company or employer may base its lien on the entire amount an employee recovers from a third-party suit or whether, because the workers’ compensation award did not specifically provide for pain and suffering, such amount should be subtracted prior to calculating the lien. Nevertheless, Maryland law does provide some insight into whether the trial court’s holding in this case was proper.
In Keyworth v. Israelson, 240 Md. 289, 214 A.2d 168 (Md.1965), an employer obtained a lien against an injured worker’s settlement fund. The contract provided that the injured worker, Keyworth, receive $40 a week from the workers’ compensation carrier “ ‘which sum shall remain the sole property of the employee except for any subrogation rights that the insurance carrier may have.’ ” Id. at 178. The court found:
Despite the lack of any express provision creating an equitable lien, it is apparent from all the circumstances, as well as the language of the agreement, that the parties intended that, if Key-worth was successful in his third-party action, the Employer was to have an equitable lien against the proceeds for the repayment of the sums which it had advanced, and that the agreement in effect assigned any proceeds of the action as security for the repayment of the advances.
Id. at 178-79. Although neither the insurance contract nor the settlement obtained itemized the purpose of the payments, the court recognized the right of the employer to be reimbursed for all of the benefits paid to the injured employee. Id. Key-worth made no mention of excluding pain and suffering damages from the lien.
Recently, in Chesapeake Haven Land Corp. v. Litzenberg, 141 Md.App. 411, 785 A.2d 859 (2001), a worker was injured while driving a vehicle owned by his employer. The employer’s compensation insurer provided the worker with medical, vocational rehabilitation and temporary total disability benefits. The worker also filed a third-party tort action in which he was awarded damages which included future loss of earnings. However, the future loss of earnings damages were awarded to the worker for his inability to continue his real estate business, a separate enterprise from his employment with the employer. The court held that the compensation insurer could not attach its subrogation rights against the award for future loss of earnings because those damages were not part of the compensation insurer’s past or future liability to the worker. Id. at 861-64. In addition to third-party suit damages for future loss of earnings, past lost earnings, future medical and expenses and past medical and rehabilitation expenses, the jury awarded the injured worker $60,000 in non-economic damages. Id. at 860. The trial court subtracted the future loss of earning damages prior to calculating the lien amount, but included the non-economic damages. Although the appellate court did not specifically hold that non-economic damages were properly made part of the calculation, it implied that including such damages was proper. Id. at 860-64.
In researching case law from other jurisdictions on this issue, we observe that *926 several courts have similarly held that such liens are calculated using the total award or settlement. See Am. States Ins. v. See-Wai, 472 So.2d 838 (Fla. 5th DCA 1985)(holding that wife’s loss of consortium claim could not be separated from the equitable distribution formula of the applicable statutes and that the carrier’s pro rata recovery was not to be reduced by reason of the factor of pain and suffering); Estate of Eddington v. Eppert Oil Co., 441 Mich. 200, 490 N.W.2d 872 (1992)(finding that an employer is entitled to seek reimbursement from the entire tort recovery obtained to the extent that benefits had been paid or are payable by the employer to the date of recovery); Nelson v. Rothering, 165 Wis.2d 601, 478 N.W.2d 44 (Ct.App.1991)(noting that a subrogated carrier is entitled to recover from the third party the full amount of the employee’s damages; it would be inequitable to the insurance company to distribute the major share of third party settlement to the employee without reimbursing the insurance company for compensation the employee would not have received but for the workers’ compensation “safety net”); Page v. Hibbard, 119 Ill.2d 41, 115 Ill.Dec. 544, 518 N.E.2d 69, 72 (1987)(holding that Department of Law Enforcement was entitled to workers’ compensation benefits it paid out to the injured employee out of the portion of the employee’s third-party recovery that was designated as compensation for pain and suffering; “That the employee is assured compensation from the employer under the [Workers’ Compensation] Act, though the employer might not be responsible for causing the employee’s injuries, warrants the legislature in giving priority to the employer’s right of reimbursement over the common law recovery interest of the injured employee.”); see also Billingsley v. JEA Co., 114 N.M. 168, 836 P.2d 87 (1992); Liberty Mut. Ins. Co. v. W. Cas. & Sur. Co., 111 Ariz. 259, 527 P.2d 1091 (1974); Szpera v. Mohican Ref. Corp., 121 N.J.Super. 569, 298 A.2d 281 (1972).
Under Maryland law, the insurer is entitled to reimbursement for “compensation already paid or awarded.” § 9-902(e)(2)(I). The statute does not exclude non-economic damages from recovery. Here, the trial court began with a settlement amount of $220,000, subtracted $100,000 for pain and suffering, and then determined the amount awardable to The Hartford by subtracting a percentage of fees and costs. Based on our understanding of Maryland’s Workers’ Compensation law, we conclude that an insurer’s entitlement to reimbursement for “compensation already paid or awarded” includes both economic and non-economic damages. We thus hold that the trial court erred in subtracting the jury’s award of $100,000 in non-economic damages before calculating the equitable distribution award. Accordingly, we reverse and remand with instructions to calculate the carrier’s lien from $220,000, the amount actually recovered pursuant to the settlement.
We agree with appellees’ argument on cross appeal that the final judgment and equitable distribution order failed to take into account his contractual obligation to pay an appellate attorney’s fee of an additional five percent, as well as appellate costs. Therefore, on remand, the trial court shall include appellate fees and costs when recalculating the equitable distribution amounts.
REVERSED and REMANDED.
KLEIN and GROSS, JJ., concur.