HUCK, Plaintiff and Appellant, v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Defendant: DOUGHBOY INDUSTRIES, INC., Interpleaded Defendant and Respondent.

*October 2—October 31, 1961.*

446

For the appellant there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *W. T. Doar, Jr.*

For the respondent there was a brief by *Stafford, Pfiffner & Stafford* of Chippewa Falls, and oral argument by *Robert F. Pfiffner.*

FAIRCHILD, J.   Sec. 102.29 (1), Stats., deals with the right of an injured employee entitled to workmen's compensation and the right of his employer or compensation insurer to make claim or maintain an action against a third party for the injury. Each may proceed, but must give the other notice and an opportunity to join. If notice be given, "the liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting said claim, the proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one third of the remainder shall in any event be paid to the injured employee or his personal representative or other person entitled to bring action. Out of the balance remaining, the employer or insurance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future, under the workmen's compensation act, . . ."

The order appealed from requires that the proceeds of the settlement of Huck's case be divided in accordance with the

statutory formula. Nothing in the statute suggests to us that the court has power to vary the formula without the consent of the parties, nor that the statutory formula applies to "the proceeds of such claim" when recovered by judgment but not when liquidated by settlement.

Huck argues that such power is to be found in an earlier sentence, "Each shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending, and if no action is pending, then by a court of record or the industrial commission." We conclude that the "disputes" referred to are those which may arise with respect to the prosecution of the claim referred to in the earlier portion of the sentence quoted.

This court has held that where one of the parties (in that case, the employee's widow) desires to accept a particular settlement of the claim and the other (there, the compensation insurer) does not, the court has the authority under the sentence quoted to resolve the dispute by compelling the latter to settle even though under the facts of that case proceeds of the settlement were insufficient to reimburse the compensation insurer.[2] The court's order in that case affected the amount available for distribution, but not by varying the statutory formula for division. Under Huck's interpretation of the term "disputes," it would have to include a dispute over the justice of the statutory formula, not its application. We assume that in many situations, persuasive arguments could be advanced that a particular division would be more just and equitable than that decreed by the legislature. Nevertheless, the formula does channel a portion of the net proceeds after costs of collection to each of the interested parties, and the legislature evidently considered it better policy to divide the funds by the formula it devised

---

[2] *Bergren v. Staples* (1953), 263 Wis. 477, 57 N. W. (2d) 714.

than to commit the matter to the discretion of court or commission.

Huck bases his claim to a variation of the statutory formula on the circumstance that the Hartford Accident & Indemnity Company had conflicting interests in the case. Sec. 102.29 (4), Stats., indicates that the legislature had in mind the possibility that the insurance carrier of the employer and of the third party might be the same, or that the employer might have assumed the liability of the third party. It merely requires notice to be given in such event and provides further: "Nothing contained in this subsection shall prevent the employer or compensation insurer from sharing in the proceeds of any third-party claim or action, as set forth in subsection (1)."

The last sentence of sec. 102.29 (1), Stats., provides:

"A settlement of any third-party claim shall be void unless said settlement and the distribution of the proceeds thereof is approved by the court before whom the action is pending and if no action is pending, then by a court of record or the industrial commission."

Although under this sentence the court or commission could, in the exercise of discretion, approve a division of proceeds upon which the parties agreed, even though it might vary from the statutory formula, we do not view this sentence as giving the court or commission power to divide the proceeds in a manner different from the statutory formula in the absence of the consent of the parties.

*By the Court.*—Order affirmed.