Aaron JADOFSKY, Plaintiff-Appellant,

v.

IOWA KEMPER INSURANCE COMPANY,
Defendant-Respondent.

Court of Appeals

*No. 84–029. Submitted on briefs July 10, 1984.—*
*Decided August 22, 1984.*
(Also reported in 355 N.W.2d 550.)

For the plaintiff-appellant the cause was submitted on the briefs of *Warshafsky, Rotter, Tarnoff, Gesler & Reinhardt, S.C.,* with *Merton N. Rotter* of counsel, of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *Kasdorf, Dall, Lewis & Swietlik, S.C.,* with *Jeffrey A. Schmeckpeper* and *Patti J. Kurth* of counsel, of Milwaukee.

Before Wedemeyer, P.J., Moser, J. and Michael T. Sullivan, Reserve Judge.

MOSER, J.  Aaron Jadofsky (Jadofsky) filed a tort action seeking damages for the alleged bad faith termination of his worker's compensation benefits by Iowa Kemper Insurance (Iowa). Iowa moved to dismiss the

complaint for lack of subject matter jurisdiction[1] because sec. 102.18(1)(bp), Stats., of the Worker's Compensation Act was Jadofsky's exclusive remedy for the bad faith denial of benefits. The trial court granted the motion to dismiss and Jadofsky appeals that judgment.

Jadofsky injured his back in the course of his employment on August 3, 1981. Iowa began paying him temporary total disability benefits, but starting in June, 1982, Iowa, allegedly in bad faith, unreasonably suspended and terminated his benefits and refused to pay all the benefits subsequently awarded by the Department of Industry, Labor and Human Relations (DILHR). Section 102.18(1)(bp), Stats., became effective on November 28, 1981, after the back injury but before the alleged bad faith, and it created a penalty for bad faith suspension or termination of benefits which was to be the exclusive remedy for bad faith of an employer or insurer. The main dispute on this appeal is which date Jadofsky was injured. Jadofsky contends that because he injured his back before sec. 102.18(1)(bp) became effective he should be allowed to maintain a separate tort action for damages stemming from Iowa's alleged bad faith. *Coleman v. American Universal Insurance Co.,*[2] which recognized insurer bad faith as being outside the purview of

---

[1] Iowa moved to dismiss the complaint pursuant to sec. 802.06 (2), Stats., which provides in pertinent part: "[T]he following defenses may at the option of the pleader be made by motion . . . b) lack of jurisdiction over the subject matter . . . ."

We realize that the supreme court in *Mueller v. Brunn,* 105 Wis. 2d 171, 176–77, 313 N.W.2d 790, 792–93 (1982), said: "No circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." Instead, the supreme court said the proper denomination for such a defect was that the trial court lacked competency to render the judgment. We use the term subject matter jurisdiction in this case because of the context in which it was raised by Iowa.

[2] 86 Wis. 2d 615, 273 N.W.2d 220 (1979).

the Worker's Compensation Act, would apply if Jadof-sky's position were correct.

Iowa, however, contends that the date of Jadofsky's injury was June, 1982, when the alleged bad faith began and, therefore, sec. 102.18 (1) (bp), Stats., should apply as Jadofsky's exclusive remedy. Iowa also cites *Coleman* as authority, but for the proposition that the tort of bad faith denial of benefits is an injury separate and distinct from the original on-the-job injury.

The tort of bad faith was first recognized by the supreme court in *Anderson v. Continental Insurance Co.*[3] Bad faith, within the context of a worker's compensation action, was addressed shortly thereafter in *Coleman*. The supreme court held in *Coleman* that where a worker's compensation insurer acts in bad faith in the payment or settlement of benefits, a separate tort is committed which falls outside the exclusivity provisions of the Worker's Compensation Act.[4] In *Coleman*, our supreme court adopted the view that the bad faith denial of bene-fits was a separate and distinct injury from the original injury.[5]

Following *Coleman*, however, the legislature adopted sec. 102.18 (1) (bp), Stats., which provided an exclusive remedy of the lesser of 200% of total compensation or $15,000 for employer or insurer bad faith. Previously, no similar provision existed in the worker's compensa-tion statutes.

In construing statutory language the ordinary and accepted meaning of the language must be given effect.[6] The policy considerations regarding the fairness of the

[3] 85 Wis. 2d 675, 271 N.W.2d 368 (1978).

[4] *Coleman, supra* note 2, at 620, 273 N.W.2d at 221.

[5] *Id.* at 623, 273 N.W.2d at 223.

[6] *Jaeger Baking Co. v. Kretschmann,* 96 Wis. 2d 590, 597, 292 N.W.2d 622, 625 (1980).

provisions of the Worker's Compensation Act are the responsibility of the legislature and not within the domain of the judiciary.[7]

Following these principles, we conclude that the legislature undisputably intended to create an exclusive remedy for insurer bad faith through its adoption of sec. 102.18(1)(bp), Stats.

The next question concerns the date of Jadofsky's injury. Jadofsky's complaint states that as a result of Iowa's bad faith he "has incurred legal expenses for the prosecution of his worker's compensation claim . . . has suffered severe economic deprivation after June 1, 1982 . . . has suffered inconvenience, mental anguish, emotional distress and incidental expenses and other economic loss . . . ." The complaint plainly alleges emotional and pecuniary damages as a result of the June, 1982, denial of benefits. Section 102.01(2)(c), Stats., provides that an "injury means mental or physical harm to an employee caused by accident or disease." Under the Worker's Compensation Act even an intentionally inflicted injury is deemed an accident.[8]

Our supreme court held in *Coleman,* and recently reaffirmed in *Lueck v. Aetna Life Insurance Co.,*[9] that a bad faith claim constituted an injury separate and distinct from the initial on-the-job injury. In so holding, the supreme court also found such bad faith claims to be outside the exclusivity provision of the Worker's Compensation Act. Section 102.18(1)(bp), Stats., now provides the exclusive remedy for bad faith claims, but the holding in *Coleman* that bad faith constitutes a separate injury remains in force. Jadofsky's right to compensa-

---

[7] *Id.*

[8] *School Dist. No. 1 v. DILHR,* 62 Wis. 2d 370, 375, 215 N.W.2d 373, 376 (1974).

[9] 116 Wis. 2d 559, 565 n. 3, 342 N.W.2d 699, 702 n. 3 (1984).

tion for any alleged bad faith denial of benefits should be determined by the law in effect at the time of the injuries.[10] The bad faith injuries, as pleaded in the complaint and alleged in the trial court, began to occur in June, 1982; thus, sec. 102.18(1)(bp), which was effective at that time, is his sole remedy. As a result, the trial court properly dismissed Jadofsky's complaint for lack of subject matter jurisdiction.

Jadofsky further argues that if sec. 102.18(1)(bp), Stats., is applied retroactively it will unconstitutionally impair his vested rights. This argument assumes the date of his injury was the date of the initial on-the-job accident. We have concluded that the time of Jadofsky's injuries, if any, was June, 1982, when the alleged bad faith began. Because sec. 102.18(1)(bp) was in effect at the time of the alleged injuries, no question exists as to the statute's retroactive application. The statute was applied prospectively, and consequently we reject Jadofsky's argument that he was denied a vested constitutional right.

A cause of action accrues when there exists a claim capable of present enforcement, a suable party against whom to enforce the claim and a party who has a present right to enforce the claim.[11] Jadofsky's cause of action did not accrue until the alleged bad faith began at which time sec. 102.18(1)(bp), Stats., was in full force. Because he had no vested right in this cause of action prior to June, 1982, and because sec. 102.18(1)(bp) was applied prospectively, not retroactively, we reject Jadofsky's argument that his rights were unconstitutionally impaired.

*By the Court.*—Judgment affirmed.

[10] Sec. 102.03(4), Stats.

[11] *Hunter v. School Dist. of Gale-Ettrick-Trempealeau*, 97 Wis. 2d 435, 442, 293 N.W.2d 515, 519 (1980).