RACINE STEEL CASTINGS, a division of Evans Products Company, a foreign corporation, Plaintiff-Respondent,

v.

John R. HARDY, Defendant-Appellant,†

Jose KANSHEPOLSKY, M.D., the Medical Protective Ins. Co., Good Samaritan Medical Center-Deaconess Hospital Campus, Patients Compensation Fund, Possibly Interested Parties Added by Court Order.

Court of Appeals

*No. 86–1016. Submitted on briefs November 11, 1986.—Decided April 9, 1987.*

(Also reported in 407 N.W.2d 299.)

† Petition to review granted.

For the plaintiff-respondent the cause was submitted on the briefs of *Kasdorf, Lewis & Swietlik, S.C.,* by *J. Ric Gass* and *Patti J. Kurth,* of Milwaukee.

For the defendant-appellant the cause was submitted on the briefs of *Marjan R. Kmiec Law Offices,* by *Boyd M. McGranaghan* of Milwaukee.

For possibly interested party added by court order, Patients Compensation Fund, the cause was submitted on the briefs of *Riordan, Crivello, Carlson & Mentkowski,* by *Daniel R. Riordan, Nancy J. Meissner* and *Ahmed J. Quereshi,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

MOSER, P.J. John R. Hardy appeals from a judgment declaring sec. 102.29(3), Stats.,[1] of the worker's compensation laws unconstitutional insofar as it precludes an employer or its compensation insurer from sharing in the proceeds of a medical malpractice claim against a physician, chiropractor, or podiatrist. The declaratory judgment was entered in a lawsuit

[1]Sec. 102.29, Stats., third party liability, reads as follows:

(3) Nothing in this chapter shall prevent an employe from taking the compensation he or she may be entitled to under it and also maintaining a civil action against any physician, chiropractor or podiatrist for malpractice. The employer or compensation insurer shall have no interest in or right to share in the proceeds of any civil action against any physician, chiropractor or podiatrist for malpractice.

brought by Hardy's employer, Racine Steel Castings (Racine Steel). Because we conclude that the limited application of sec. 102.29(3) to claims against physicians, chiropractors, and podiatrists is violative of equal protection of the law, we affirm the judgment.

While employed by Racine Steel, Hardy sustained a work-related injury. As a result of medical treatment which left him a quadriplegic, he was permanently and totally disabled. He settled his medical malpractice claim against the treating physician. Racine Steel sought subrogation rights in the settlement because it was obligated to pay worker's compensation for the injury as enhanced by the negligence. The trial court concluded that sec. 102.29(3), Stats., precludes an independent action against the treating physician. The court held, however, that sec. 102.29(3) violates equal protection of the laws and is unconstitutional. Racine Steel's due process claim was not decided.[2]

Because the facts are not in dispute, this appeal involves only questions of law which we decide without deference to the trial court's decision. *Wisconsin Tel. Co. v. Department of Revenue,* 125 Wis. 2d 339, 343, 371 N.W.2d 825, 828 (Ct. App. 1985). A legislative act is presumed constitutional. *Sambs v. City of Brookfield,* 97 Wis. 2d 356, 370, 293 N.W.2d 504, 511, *cert. denied,* 449 U.S. 1035 (1980). When a statutory classification is challenged on equal protection

---

[2]In the second amended complaint, Racine Steel sought to share in any recovery Hardy received from the physician. The declaratory judgment addressed only the constitutionality of sec. 102.29(3), Stats. The amount of Racine Steel's share in the recovery is to be determined in later proceedings.

grounds, the challenger must prove an abuse of legislative discretion beyond a reasonable doubt. *Id.* The fundamental determination to be made is whether there is arbitrary discrimination in either the statute or its application and, if so, whether there is a rational justification for the difference in rights afforded. *State ex rel. Watts v. Combined Community Serv. Bd.,* 122 Wis. 2d 65, 77, 362 N.W.2d 104, 110 (1985) (citations omitted). If necessary and if possible, the court must construct a rationale that reasonably supports the classification. *Sambs,* 97 Wis. 2d at 371, 293 N.W.2d at 512.

Our supreme court has described the worker's compensation law as "an all-pervasive legislative scheme which attempts to effect a compromise between the employer and the employee's competing interests." *Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 180, 290 N.W.2d 276, 279–80 (1980). The compromise involves trade-offs: the worker recovers regardless of his own fault or his employer's absence of fault; the employer's common law defenses of contributory negligence, assumption of risk, and the fellow-servant rule are abrogated, and in exchange the worker is obliged to accept a limited and scheduled compensation award. *Id.* at 180, 290 N.W.2d at 280. Worker's compensation laws are basically economic regulations by which the legislature, as a matter of public policy, has balanced competing societal interests. *Id.* The compromise is also apparent in other provisions of the laws. For example, a third party is denied contribution from an employer although the employer may have greater culpability. *Id.* at 188–89, 290 N.W.2d at 283–84. Additionally, the employer may be reimbursed for its expenses through claims against third

parties even if the employee is not made whole. *Martinez v. Ashland Oil, Inc.,* 132 Wis. 2d 11, 15–16, 390 N.W.2d 72, 74 (Ct. App. 1986). Recognizing the comprehensiveness of the legislative scheme and the compromises involved, we are reluctant, absent a disparity of treatment of constitutional proportions, to mandate change in the worker's compensation laws. *Jenkins v. Sabourin,* 104 Wis. 2d 309, 323, 311 N.W.2d 600, 607 (1981).

The statutory subsection Racine Steel challenges is part of the third party liability section. Generally, an employer or its insurance carrier has the right to maintain an action against, and share in the recovery from, any party who is also liable for an employee's work-related injury. Sec. 102.29(1), Stats. Neither an employer nor its carrier, however, has an interest in any malpractice recovery from a physician, chiropractor, or podiatrist. Sec. 102.29(3). The effect of sec. 102.29(3) is to deny subrogation to a limited class of employers: those whose employees' work-related injuries were aggravated by the negligent treatment of physicians, chiropractors, or podiatrists. All other employers whose employees' injuries were caused or aggravated by any other third party may recover under sec. 102.29(1).

Because the worker's compensation laws are a legislatively created substitute for the common law and not a supplement to it, its subrogation provisions supersede the common law rules of subrogation. *Martinez,* 132 Wis. 2d at 15–16, 390 N.W.2d at 74. The legislature could deny any subrogation right. It can also impose reasonable and rational limits on the right it does create.

The legislature could reasonably have excluded all medical malpractice claims from the statutory subrogation right. A distinction between employers whose employees are further injured by medical malpractice and those whose employees are injured by other third parties is rational. Medical malpractice normally aggravates the prior work-related injury. Generally, in the other situations, the third party caused or contributed to the initial injury. If sec. 102.29(3), Stats., had been applied to a medical malpractice claim against any health care provider, there would be a rational basis for the classification.

Section 102.29(3), Stats., however, does not extend to medical malpractice claims against any health care provider. It is limited to claims against physicians, chiropractors, and podiatrists. The prohibition on an employer's recovery was added to the worker's compensation laws by sec. 7, ch. 107, Laws of 1949, and applied to malpractice actions against physicians and surgeons. When adopted, the classification had a rational basis. Then, employees selected an attending physician from a panel named by the employer; selection of a physician not on the panel required permission. Sec. 102.42(2), Stats. (1947). By naming the panel members, an employer limited the employee's choice. Later amendments made secs. 102.29(3) and 102.42(2) applicable to physicians, chiropractors, and podiatrists. Secs. 24 and 28, ch. 147, Laws of 1975. The employer's right to name the panel members was later removed. Sec. 24, ch. 195, Laws of 1977. Today an employee may choose any physician, chiropractor and podiatrist licensed to practice and practicing within the state. Consequently, this basis for the sec. 102.29(3) distinction has ceased to exist.

The Wisconsin Patients Compensation Fund (Fund), *amicus curiae,* argues that the classification is part of the comprehensive, interrelated statutory scheme of the worker's compensation laws. A review of other medical care sections of ch. 102, however, does not show a consistent pattern. Other health care providers are listed, e.g., hospitals, secs. 102.13(2), 102.16(3) and 102.42(1), Stats; dentists, sec. 102.17(1)(d), Stats; and surgeons, secs. 102.16(3), 102.17(1)(d) and 102.42(1). We are also unpersuaded by the Fund's other suggested rationales: sec. 102.29(3), Stats., is intended to encourage employers to actively and diligently oversee their employees' medical treatment; the cost of medical care is to be borne as a cost of production; or a separate cause of action by an employer would discourage the named health care providers from treating employees. The Fund's additional arguments apply equally to any health care provider and do not support the limited classification of sec. 102.29(3).

The classification of employers based on whether employees are negligently treated by physicians, chiropractors, and podiatrists or by other health care providers is not based on a substantial distinction. *See Harris v. Kelley,* 70 Wis. 2d 242, 252, 234 N.W.2d 628, 632 (1975). We cannot ascertain a purpose of the classification which is germane to the purpose of the worker's compensation laws; nor are the characteristics of one class so different from the other as to reasonably suggest the propriety of substantially different legislation. *See id.* Accordingly, we conclude that the limited application of sec. 102.29(3), Stats., to medical malpractice claims resulting from treatment by physicians, chiropractors, and podiatrists denies

certain employers equal protection of the law because it is arbitrary and not rationally related to a legitimate state interest.[3]

Without citation to legal authority, Hardy requests that our decision have prospective application only and not be applied to this case. This court does not consider arguments unsupported by references to legal authority. *State v. Shaffer,* 96 Wis. 2d 531, 545–46, 292 N.W.2d 370, 378 (Ct. App. 1980).

*By the Court.*—Judgment affirmed.

---

[3]Because we conclude that the classification created by sec. 102.29(3), Stats., violates equal protection we do not consider Racine Steel's claim that the statute also violates due process.