Dennis P. HOLDMANN and Margaret Holdmann,
Plaintiffs-Respondents,

HERITAGE MUTUAL INSURANCE COMPANY,
Intervening-Plaintiff-Appellant,

v.

SMITH LABORATORIES, INC., Defendant-
Respondent,

NORTHBROOK COMPANIES, Defendant.

Court of Appeals

*No. 88–2351. Argued June 13, 1989.—Decided August 9, 1989.*

(Also reported in 447 N.W.2d 69.)

On behalf of the intervening-plaintiff-appellant, there were briefs and oral argument by *Andrew M. Bath.*

On behalf of the plaintiffs-respondents, there was a brief and oral argument by *Aaron Belongia.*

On behalf of the defendant-respondent, there was a brief and oral argument by *Fred A. Erchul, II.*

On behalf of the defendant, there was oral argument by *Fred A. Erchul, II.*

There was an Amicus Curiae brief filed by *Donald J. Hanaway,* attorney general and *Stephen M. Sobota,*

assistant attorney general. Oral argument by *Stephen M. Sobota.*

Before Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J.   This appeal concerns the interpretation of sec. 102.29(1), Stats., which allows employees, employers and compensation carriers to make a claim or maintain an action against a third party for an injury compensable under the worker's compensation statutes. *Huck v. Chicago, St. P., M.&O. Ry.,* 14 Wis. 2d 445, 448, 111 N.W.2d 434, 435 (1961). The statute contains a method by which recovery is divided among the interested parties. Heritage Mutual, worker's compensation carrier for NU Floor, Inc., appeals from a trial court order that denied it a percentage recovery from the Holdmanns' third party claim against Smith Labs on the grounds that there was no proof of injury in the record. We reverse, holding that the settlement reached between Holdmann and Smith Labs represents proceeds of a third party claim for damages resulting from an injury for which Heritage was liable. Heritage is therefore entitled to a share in the proceeds pursuant to sec. 102.29(1), Stats.

The undisputed facts are that, while employed by NU Floor, Inc., Holdmann suffered a work-related injury to his back. His treatment included injections of Chymodiactin into his lower back. The Chymodiactin did not relieve his pain and he thereafter underwent successful surgery. Heritage Mutual paid for both medical procedures.

Holdmann subsequently sued Smith Labs, manufacturer of Chymodiactin, alleging that it was negligent in selling and distributing a defective product that caused injury when used in the manner for which it was intended; that such defect caused injury, including pain

and disability, to Holdmann; and that Holdmann suffered damages from that injury.

Smith Labs and Holdmann conditionally agreed to settle all issues upon the payment of $10,000 by Smith Labs to Holdmann. Heritage Mutual asserted an interest in the proceeds pursuant to sec. 102.29(1), Stats. Holdmann then successfully moved the trial court for an order determining that Heritage was not so entitled. The grounds for the motion, as argued to the trial court, were that there was no separate injury or aggravated work-related injury proved by Heritage and that without proof of such injury it could not recover. At oral argument to this panel, Holdmann went so far as to suggest that his suit against Smith Labs was a nuisance action.[1]

The issue presented is primarily one of statutory interpretation, a question of law that we review without deference to the trial court. *State v. Gavigan*, 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984). Where statutory language is clear and unambiguous, we do not resort to extrinsic aids or rules of construction for assistance. *Marshall-Wisconsin Co. v. Juneau Square Corp.*, 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987).

It is well-established that additional or augmented injury during the course of medical attention to a covered industrial injury is compensable under the Worker's Compensation Act and that these consequences of treatment are the liability of the employer (and of course his insurer). *Jenkins v. Sabourin*, 104 Wis. 2d 309, 316, 311

---

[1]In light of the rule that a plaintiff is bound by the facts alleged in the complaint, we question Holdmann's reliance on such a theory. *See Doe v. Ellis*, 103 Wis. 2d 581, 588, 309 N.W.2d 375, 377 (Ct. App. 1981). However, we resolve the case on other grounds.

N.W.2d 600, 604 (1981). However, the treatment must be undertaken in good faith. *Spencer v. DILHR,* 55 Wis. 2d 525, 531–32, 200 N.W.2d 611, 614–15 (1972). The trial court here found, and the parties do not dispute, that Holdmann's treatment choices were reasonable. Thus, as Holdmann agrees, if the Chymodiactin treatment resulted in a medical injury, then sec. 102.29(1), Stats., applies, and Heritage is entitled to reimbursement from Holdmann's recovery. Holdmann argues, however, that Heritage did not prove a medical injury resulting from treatment.

Such proof is unnecessary. The plain and unambiguous language of sec. 102.29(1), Stats., mandates reimbursement to worker's compensation insurance carriers from the "proceeds of [a] *claim*" against third parties for compensable injuries. (Emphasis added.) The statute does not require that the claim be proved and in fact the entitlement applies to both judgments and settlements. Sec. 102.29(1); *Huck,* 14 Wis. 2d at 449, 111 N.W.2d at 435. There is no dispute but that Holdmann's claim is one to which the worker's compensation statutes apply. He claimed to have suffered a variety of damages, including disability, consequential to properly administered Chymodiactin treatment. He represented to the trial court that he received this treatment for a work-related injury and that he and Smith Labs agreed to settle the issue complained of for $10,000. Hence, whatever the assessment of Smith Labs and Holdmann as to the objective financial worth of this lawsuit, Heritage is entitled to a portion of the $10,000 settlement because the record clearly shows that such moneys represent the pro-

ceeds of a claim for damages flowing from injury compensable under the Worker's Compensation Act.

*By the Court.*—Order reversed.