Eleanor J. NELSON, Plaintiff-Respondent-Petitioner,

v.

Steven J. ROTHERING, General Casualty Company of
Wisconsin, Gail M. Noltner and Allstate Insurance
Company, Defendants,

TRAVELERS INSURANCE COMPANY, Defendant-Appellant.

Supreme Court

*No. 91–0875. Submitted on briefs November 4, 1992.—Decided
March 17, 1993.*

(Also reported in 496 N.W.2d 87.)

297

For the plaintiff-respondent-petitioner there were briefs by *Michael R. Fitzpatrick* and *Brennan, Steil, Basting & MacDougall, S.C.,* Janesville.

For the defendant-appellant there was a brief by *Richard A. Fortune* and *Schoone, Ware Fortune & Leuck, S.C.,* Racine.

HEFFERNAN, CHIEF JUSTICE. This is a review of a decision of the court of appeals,[1] which reversed a judgment of the circuit court for Dane county, Michael N. Nowakowski, Judge.

The court of appeals, in reversing the judgment of the circuit court, permitted Travelers Insurance Company, the worker's compensation insurer for Eleanor Nelson's employer, to share, according to the statutory formula of sec. 102.29(1), Stats., in Nelson's settlement with third party tortfeasors, whose conduct had not only caused the original compensable injury but also consequentially caused the aggravation of a pre-existing intestinal condition. This despite the fact that Travelers had refused to pay compensation for the aggravation caused by the injury but paid compensation only for the immediate consequences of the tort. It is argued on this review that the court of appeals erred as a matter of law. We conclude that Travelers was entitled to its statutory share[2] of the settlement against the third party

---

[1] *Nelson v. Rothering,* 165 Wis. 2d 601, 478 N.W.2d 44 (Ct. App. 1991).

[2] Section 102.29(1) provides in part:

**Third Party Liability. (1)** The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, the employe's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any

tortfeasor because it is indisputable that the aggravated intestinal condition was as a matter of law compensable as a consequence of the injury sustained in the work-related injury. We therefore affirm the court of appeals.

Eleanor Nelson worked for Martin Security as a security officer supervising fund transfers between banks. On January 25, 1988, Nelson was making such a transfer when the car she was driving was struck by a car driven by Steven Rothering. Rothering's car was then hit by a car driven by Noltner, which in turn caused Rothering's car to hit Nelson's a second time. Rothering and Noltner are insured by General Casualty Insurance and Allstate Insurance Company, respectively.

Nelson suffered a whiplash injury in the accident and injuries to her back, neck, and shoulders. Her treating physician prescribed non-steroidal, anti-inflammatory medication. Over the next eighteen months, as a result of the medication, Nelson developed severe gastrointestinal complications and underwent numerous medical procedures to enable her to eat and digest food. In the summer of 1990, as her condition worsened, Nelson underwent surgery to reroute her intestines. By January 1991, Nelson had incurred more than $47,000.00 in medical bills for her stomach condition alone.

Travelers paid more than $20,000.00 in worker's compensation before terminating Nelson's benefits in June, 1989, following an insurance company's physician's examination of her whiplash injuries. The doctor did not examine Nelson's gastrointestinal condition

other party for such injury or death, hereinafter referred to as a 3rd party . . .. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death.

Wis. Stats. § 102.29(1) (1987–88).

because the insurance company considered it to be a preexisting "personal health condition" and therefore "not compensable under worker's compensation." After the company's decision, Nelson filed a worker's compensation claim against Travelers. In April 1990, the two parties settled Nelson's compensation claim in a lump-sum payment of $13,260.00: $12,100.00 for her permanent partial neck, back and shoulder disabilities and $1,160.50 for medical expenses. According to Travelers, no portion of the settlement went towards Nelson's "noncompensable" gastrointestinal condition. In consideration of the settlement, Nelson waived any further worker's compensation claims. Travelers ultimately paid Nelson a total of $33,637.77 in worker's compensation.

In 1988, Nelson filed suit against Rothering, Noltner and their insurers for damages from the automobile accident. The parties settled for $130,000.00, with the understanding that Nelson would in turn pay for any subrogated lien by Travelers against the third parties as provided by sec. 102.29(1), Stats. In accordance with that agreement, Nelson moved the circuit court to apportion the settlement between the whiplash and gastrointestinal injuries. The court agreed with this division, reasoning that Travelers' refusal to cover Nelson's pre-existing stomach condition rendered that portion of the settlement beyond the scope of the insurer's sec. 102.29(1), Stats., right to reimbursement and was therefore inequitable. It reasoned that, if the injury was not recognized by Travelers as a claim for worker's compensation, then it could not later be held a claim for purposes of reimbursement.

During evidentiary hearings Travelers unsuccessfully urged the court to reject Nelson's "equitable lien" argument. The court eventually valued the gastrointestinal damages at $90,000.00 and the whiplash damages at

$40,000.00. Because the court applied the formula of sec. 102.29(1), Stats., to only the whiplash damages of $40,000.00, Travelers received only $16,716.50 for its share in the recovery, although it had paid in excess of $33,000.00 in worker's compensation.[3] The court dismissed all claims between the parties.

Travelers appealed the circuit court's judgment apportioning the settlement. The court of appeals reversed, concluding that Nelson's accident gave rise to only one claim, not two as Nelson asserted. Accordingly, the court of appeals held that Nelson's entire third-party settlement was to be apportioned in accordance with the statutory formula.

The question before this court is whether sec. 102.29(1), Stats., of the Wisconsin Workers Compensation Act permits courts to divide third-party settlement proceeds into injury-related segments when one of the injuries is consequential to the original work-related event. In other words, whether sec. 102.29(1), Stats., requires that a worker's compensation insurer be paid in a third-party settlement for an injury that it concluded

---

[3] The statutory division of proceeds demands that:

> After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe or the employe's personal representative or other person entitled to bring action. Out of the balance remaining, the employer or insurance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future. . . . Any balance remaining shall be paid to the employe or the employe's personal representative or other person entitled to bring action. . . .

Wis. Stat. § 102.29(1) (1987–88). The current version of the statute has been amended to include the phrase "or, if applicable, uninsured employers fund" after listing the employer and the insurance carrier. The amendment affects neither the reasoning nor the outcome of today's decision.

was noncompensable but which injury was in fact consequential to the original injury although an aggravation of a pre-existing condition. To resolve the instant dispute, this court must construe sec. 102.29(1). Statutory construction is a question of law for which we need not defer to the lower court's determination. *Kottka v. PPG Industries Inc.,* 130 Wis. 2d 499, 388 N.W.2d 160 (1986); *Ball v. District No. 4 Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Worker's Compensation is a legislatively enacted compromise designed to bring employers and employees together in a mutually beneficial scheme of guaranteeing benefits in the event of work-related injury and disease. The compromise offers employees certain and speedy financial assistance, even if the employer be without fault, in return for exempting employers from tort liability. *See Mulder v. Acme Cleveland Corp.,* 95 Wis. 2d 173, 180, 290 N.W.2d 276 (1980). Although worker's compensation is the employee's exclusive remedy under the Act against the employer, it does not affect the employee's and employer's right to assert claims against third-party tortfeasors.[4] The purpose of the Act was to protect workers and their employers, not to extend immunity to tortfeasors outside the worker-employer relationship. *Kottka,* 130 Wis. 2d at 508-09 (*citing* 2A Larson, *Work-*

[4] Section 102.03(2), Stats., provides in part that "the recovery of compensation under this chapter shall be the exclusive remedy against the employer, any other employe of the same employer and the worker's compensation insurance carrier." *See generally Jenkins v. Sabourin,* 104 Wis. 2d 309, 312, 322, 311 N.W.2d 600 (1981); *Sutton v. Kaarakka,* 159 Wis. 2d 83, 89-90, 464 N.W.2d 29 (Ct. App. 1990); *Racine Steel Castings v. Hardy,* 139 Wis. 2d 232, 236, 407 N.W.2d 299 (Ct. App. 1987), *rev'd on other grounds* 144 Wis. 2d 553, 426 N.W.2d 33 (1988).

*men's Compensation Law* sec. 71.00, p. 14–1 and sec. 71.20, p. 14–3).

Section 102.29(1), Stats., was enacted to direct the courts in the distribution of proceeds of third-party tort actions. The legislature devised a scheme of distribution that gives effect to the original compromise underlying the Worker's Compensation Act by specifying what it determined to be a reasonable apportionment of proceeds between the parties involved. Specifically, sec. 102.29(1), Stats., ensures that the employee receive at least one-third of any third-party proceeds after costs and collection fees and that the compensation insurer be reimbursed as fully as possible from the remainder of the sum collected, with any balance going to the employee. While other methods of apportioning the proceeds might "be more just and equitable than that decreed by the legislature. . . . the legislature evidently considered it better policy to divide the funds by the formula it devised than to commit the matter to the discretion of court or commission." *Huck v. Chicago, St. P., M.&O.R. Co.*, 14 Wis. 2d 445, 449–50, 111 N.W.2d 434 (1961). *See also Kottka*, 130 Wis. 2d at 510 *(citing Huck)*.[5]

The division of proceeds set forth in sec. 102.29(1), Stats., has been legislatively mandated and is not open

---

[5] Different forms of reimbursement statutes exist in other states. For example, Massachusetts awards the employee the proceeds that remain after the insurer has been reimbursed. See Mass. Gen. Laws, ch. 152, § 15 (1992). Likewise, under New York law the employee gets the entire excess if he or she is the plaintiff in the third-party action but only two-thirds of the remainder if the employer or insurer files the action. *See* N.Y. Workmen's Comp. Law § 29 (1965 & 1993 Supp.). For further discussion, see 2A Larson, *Workmen's Compensation Law* § 74.31(a) at 14–445, 446 (1988 & Supp. 1992).

to judicial interpretation. *Huck*, 14 Wis. 2d at 449–50; *Kottka*, 130 Wis. 2d at 510. Only with the consent of both parties may a circuit court deviate from the statutory formula devised by the legislature. *Kottka*, 130 Wis. 2d at 510 (*citing Huck*). Accordingly, we are concerned in the instant dispute only with whether the settlement between Nelson and the third-party tortfeasors involved one claim or multiple claims. In keeping with prior rulings from this court, if multiple claims contributed to the total sum agreed to in settlement then the value of each claim must be judicially determined and the proceeds attributed to each claim distributed according to sec. 102.29(1), Stats. If, however, Nelson's work injuries constituted only one claim, then the court of appeals was correct to require the circuit court to treat the settlement as one lump sum to be distributed under sec. 102.29(1), Stats.

■
The Wisconsin case law, as well as persuasive decisions of other jurisdictions, require that Nelson's whiplash-related injuries and the aggravated gastrointestinal condition constitute a single claim within the meaning of sec. 102.29(1), Stats. Accordingly, we conclude that the court of appeals correctly permitted Travelers to assert its subrogated claim against the entire settlement entered into between Nelson and the third-party defendants.

We reach this conclusion on the basis of two accepted principles. First, under worker's compensation, "additional or augmented injury during the course of medical attention to a covered industrial injury is compensable . . . and . . . these consequences of treatment are the liability of the employer . . .." *Holdmann v. Smith Laboratories, Inc.*, 151 Wis. 2d 813, 447 N.W.2d 69 (Ct. App. 1989) (*citing Jenkins v. Sabourin, supra* note 4). In

the case of *Holdmann*, the injured worker argued against permitting the compensation insurer to claim reimbursement for the consequential injuries which the insurer had never proven to be linked to the treatment. Nonetheless, the court ruled such proof to be unnecessary, stating that "[t]here is no dispute but that [the] claim is one to which the worker's compensation statutes apply. . . . whatever the assessment of Smith Labs and Holdmann as to the objective financial worth of this lawsuit, Heritage is entitled to a portion of the $10,000 settlement because the record clearly shows that such moneys represent the proceeds of a claim for damages flowing from injury compensable under the Worker's Compensation Act." *Holdmann*, 151 Wis. 2d at 817–18.

We find *Holdmann*, a published and a precedential case of the court of appeals, particularly persuasive. Nelson's gastrointestinal condition was indisputably the direct result of the course of medication prescribed in treating her work-related whiplash injuries. Section 102.01(2)(c), Stats., defines a compensable injury as one that involves "mental or physical harm to an employe caused by accident or disease . . .." There is no question that Nelson's whiplash injuries were within the scope of sec. 102.01(2)(c) coverage. Indeed, although the parties orignally disputed whether the gastrointestinal injuries were compensable under worker's compensation, Travelers did compensate Nelson in excess of $33,000 for her initial work-related claim. Accordingly, we conclude that, under *Holdmann*, Nelson's consequential stomach injuries derived from and were therefore part of her initial whiplash claim for the purposes of sec. 102.29(1), Stats.[6]

---

[6] Even were the gastrointestinal problem the result of the aggravation of a pre-existing condition, if the aggravation results from the consequences of the work-related event, compensation

Second, this court has previously held sec. 102.29(1), Stats., reimbursement to be a statutory mandate—one not open to interpretation or judicial interference. While some state courts have held reimbursement to be a matter of equity, this court long ago held that the worker's compensation legislation wiped out common law causes of action and other causes of action. *See generally Mulder*, 95 Wis. 2d 173 (1980). Specifically, in *Martinez v. Ashland Oil, Inc.*, this court ruled that common law rules of equitable subrogation did not apply to worker's compensation. *Martinez*, 132 Wis. 2d 11, 15–16, 390 N.W.2d 72 (Ct. App. 1986). The *Martinez* court interpreted this to mean that the carrier's right of subrogation under sec. 102.29(1), Stats., supersedes the employee's right to be made whole and is not contingent upon the size of the third-party settlement agreement. Section 102.29(1), Stats., explicitly states that the insurer will be compensated to the extent possible out of the two-thirds remaining after the employee has received the guaranteed one-third. Accordingly, we conclude that applying sec. 102.29(1), Stats., does not require a determination of the equities involved but rather a mathematical application of the legislative formula for apportioning the settlement proceeds. The legislature could have mandated a different result here had it so desired. Absent such legislation, however, the courts of this state are not free to select a method they might consider to be the most equitable for allocating the proceeds of a particular third-party settlement.

Nelson counters that sec. 102.29(1), Stats., does not require disbursement of the $90,000 allocated for gastrointestinal expenses because Travelers has neither paid

for the aggravated condition is the rule. *Holdmann*, 151 Wis. 2d at 816.

nor is obligated to pay future claims under worker's compensation for that condition. It is undisputed that Travelers paid worker's compensation benefits to Nelson and in turn received a release of all claims prior to the third-party suit. Whether these payments were subjectively intended for Nelson's whiplash injuries rather than her gastrointestinal condition is irrelevant to the instant dispute. In either case, Travelers has made payments on a lawful claim to Nelson and consequently acquired all of the statutorily mandated rights to Nelson's settlement proceeds under sec. 102.29(1), Stats.

Nelson further contends that this court should not allow Travelers to come forward seeking reimbursement for injuries that it never previously acknowledged. Though the court can understand Nelson's attitude, we find her "equitable lien" argument legally unpersuasive. Equitable considerations have been expressly superseded by the statutory formula. As noted, *supra*, we are not concerned with the compensation determinations made by Nelson and Travelers. It is not the duty of this court at this juncture to decide whether Nelson's gastrointestinal injuries were in fact work-related and therefore compensable under worker's compensation. Rather than appeal Travelers' decision to terminate her benefits to the commission and the courts, Nelson entered into a settlement agreement with the company.[7] The dispute in the instant case focuses on Travelers' right to reimbursement under sec. 102.29(1), Stats., not whether the

---

[7] We agree with Travelers that "regardless of the earlier positions taken by the parties, the compromise agreement by which the parties are ultimately bound clearly does not distinguish between the soft tissue aspects and the gastrointestinal aspects of [Nelson's] injury." It compromised and settled all possible claims against the employer and its compensation carrier.

settlement agreement accurately reflected Nelson's actual claim for worker's compensation.

We agree with the conclusion of the court of appeals that the circuit court's denying Travelers its full statutory distribution is not the equitable result in this matter. The fact is that Travelers did provide more than $33,000 in compensation to Nelson during the course of her illness. Under the circuit court's formula for distributing the settlement proceeds, Travelers would have received little more than $16,000 from Nelson of a settlement of $130,000. It is disingenuous to portray a one-eighth reimbursement to be "equitable" to all parties involved.

The legislature intended for all parties to share according to formula in the proceeds from third-party settlements, not for some parties to reap a windfall at the expense of other parties. As the court of appeals noted, had Travelers brought the third-party action it would have had the duty to attempt recovery for both Nelson's whiplash and gastrointestinal injuries although it contested the compensability of the latter. This duty arises because Travelers' interest in Nelson's cause of action is derivative; the insurer stands in the shoes of the injured worker and is entitled to recover for the full amount of the employee's damages. *Nelson v. Rothering*, 165 Wis. 2d at 607 (citing cases). Likewise, we conclude that in keeping with the legislative compromise embodied in the state's worker's compensation scheme, Nelson must fulfill a similar duty on behalf of Travelers and permit an apportionment based on her entire third-party settlement.

Finally, although Nelson questions the court of appeals' reliance on cases and statutes from other jurisdictions, we do not read the court of appeals' decision as resting on them, although we find them persuasive, as

did the court of appeals. The court of appeals' decision, like this court's, is rooted firmly in the statutes and case law of Wisconsin. Moreover, it is well established that Wisconsin courts may consider other jurisdiction's practices and reasoning for assistance in interpreting and applying Wisconsin law.

We conclude that the court of appeals properly applied the legislative directives of sec. 102.29(1), Stats., to the facts of this case.

*By the Court.*—Decision affirmed.

SHIRLEY S. ABRAHAMSON, J. (*dissenting*). I dissent from the majority opinion because I conclude that sec. 102.29(1), Stats., does not require Nelson to share her recovery for gastrointestinal injuries with Travelers.

Section 102.29(1) governs the allocation of the proceeds of actions against third parties in the worker's compensation context. It provides, *inter alia:* "After deducting the reasonable cost of collection, one third of the remainder shall in any event be paid to the injured employee . . .. Out of the balance remaining, the employer or insurance carrier shall be reimbursed *for all payments made by it, or which it may be obligated to make in the future, under this [worker's compensation] chapter.*" Section 102.29(1), Stats. (emphasis added).[1]

---

[1] Similar language appears earlier in sec. 102.29(1), Stats.:

(1) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, the employe's personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; nor shall the making of a claim by any such person against a 3rd party for damages by reason of an injury to which ss. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the inured

309

The law of worker's compensation is wholly statutory. *Jaeger Baking Co. v. Kretschmann,* 96 Wis. 2d 590, 597, 292 N.W.2d 622 (1980). If Travelers is to be reimbursed under the sec. 102.29(1), it must show (1) that it made payments for the gastrointestinal injuries under the worker's compensation statute or (2) that it may be obligated to make payments for the gastrointestinal injuries under the worker's compensation statute in the future.

The circuit court found, and the majority admits, that Travelers paid no compensation to Nelson under the worker's compensation statute for the gastrointestinal injuries. Trial court transcript at 7. The record is replete with Travelers' admissions that it did not pay compensation for Nelson's gastrointestinal injuries. R.84:19; R.84:22. Travelers also admits, and the majority concedes, that no portion of the settlement with Nelson

employe or the employe's dependents to recover compensation. The employer or compensation insurer *who shall have paid or is obligated to pay a lawful claim* under this chapter shall have the same right to make claim or maintain an action in tort against any other party for such injury or death. However, each shall give to the other reasonable notice and opportunity to join in the making of such claim or the instituting of any action and to be represented by counsel . . .. Each shall have an equal voice in the prosecution of said claim, and any dispute arising shall be passed upon by the court before whom the case is pending, and if no action is pending, then by a court of record or by the department. If notice is given as provided in this subsection, the liability of the tort-feasor shall be determined as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting such claim, *the proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe or the employe's personal representative or other person entitled to bring action. Out of the balance remaining, the employer or insurance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future, under this chapter. . . .* (Emphasis added.)

related to her gastrointestinal injuries. Majority Op. at 299–300. *See also* Respondent's Court of Appeals Brief at 7.

Nor will Travelers be obligated, under the worker's compensation statute, to compensate Nelson in the future for her gastrointestinal injury. Travelers' settlement with Nelson on the soft tissue injuries claim precluded all future claims for her gastrointestinal injuries. R.71:8–9; R. 84:19. Thus Travelers has not satisfied the requirements of sec. 102.29(1).

The worker's compensation act is intended to ensure that an injured employee secure payment for compensable injuries. *Maryland Casualty Co. v. Industrial Comm.,* 198 Wis. 202, 211, 223 N.W.2d 834 (1929). The purpose of sec. 102.29(1) is to preserve an injured employee's cause of action against a third party tortfeasor while avoiding double recovery by the employee. *Kottka v. PPG Industries,* 130 Wis. 2d 499, 508–09, 388 N.W.2d 160 (1986). The worker's compensation act is to be construed liberally in order to effectuate its purposes. *Nigbor v. DILHR,* 120 Wis. 2d 375, 382, 355 N.W.2d 532 (1984). I conclude, as did the circuit court, that, "if the injury was not recognized by Travelers as a claim for worker's compensation, then it could not later be held a claim for purposes of reimbursement." Majority Op. at 300.

For the reasons stated above, I dissent.

I am authorized to state that Justice LOUIS J. CECI joins in this dissent.